**MATTIE T. et al., Plaintiffs,**

v.

**Garvin H. JOHNSTON et al., Defendants.**

United States District Court,
N. D. Mississippi,
Delta Division.

Oct. 4, 1976.

Daniel Yohalem, Michael B. Trister, Washington, D. C., for plaintiffs.

Giles Bryant, Sp. Asst. Atty. Gen., Jackson, Miss., Dennis M. Baker, Batesville, Miss., George C. Carlson, Jr., Corr & Carlson, Sardis, Miss., Semmes Luckett, Clarksdale, Miss., A. Cinclair May, McClure, McClure & May, Sardis, Miss., Roy E. Johnson, Adams & Johnson, Senatobia, Miss., Billy G. Bridges, Bridges & Smith, Pearl, Miss., Shields Sims, Sims & Sims, Columbus, Miss., Helen J. McDade, DeKalb, Miss., for defendants.

Michael T. Lewis, Oxford, Miss., amicus curiae.

## ORDER

ORMA R. SMITH, District Judge.

This cause is before the court for consideration of plaintiffs' motion to hold the witness Dr. Richard E. Keye in contempt of court for his refusal to comply with a subpoena.

In this action, plaintiffs challenge the procedures used by Mississippi for placing children with handicapping conditions in specialized classes alleging that these procedures do not satisfy federal statutory requirements. On June 8, 1976, plaintiffs' counsel had a subpoena issued and served upon Dr. Keye, pursuant to Fed.R.Civ.P. 45, commanding Dr. Keye to appear at the place designated in the subpoena on June 11, 1976, to give testimony and to produce the documents named in the subpoena.[1]

These documents had been gathered by the University of Mississippi Regional Screening Team of which Dr. Keye is chairman. Upon the request of Dr. Keye and Mr. Ed Davis Noble, Assistant Attorney General for the State of Mississippi, plaintiffs' counsel agreed to postpone until June 17, 1976, the date for honoring the subpoena. On June 16, 1976, Mr. Noble informed plaintiffs' counsel, that Dr. Keye would not appear on June 17, 1976, as agreed by the parties. No written objections, provided for in Fed.R.Civ.P. 45(d)(1), had been served upon plaintiffs' counsel by Mr. Noble or Dr. Keye. Plaintiffs request that the court (i) adjudge Dr. Keye in contempt of court; (ii) order compliance with the subpoena; and (iii) order payment of all costs, expenses and reasonable attorney fees incurred by plaintiffs in obtaining compliance with the subpoena.

Dr. Keye and Mr. Noble state that the subpoena was disobeyed because plaintiffs' counsel did not assure them that he had complied with the applicable provisions of the Family Educational Rights and Privacy Act of 1974 (the Act), 20 U.S.C. § 1232g. They contend that the subpoenaed documents should not be produced until the Act's requirements are met and that plaintiffs' failure to comply with these requirements provided Dr. Keye with an "adequate excuse" for disobeying the subpoena. Since, pursuant to Fed.R.Civ.P. 45(f)[2], failure to honor a subpoena is not contempt

1. The subpoena directed Dr. Keye to produce the following documents under the conditions prescribed:

All Pupil Personal Data Sheets and Language Speech and Hearing Reports (Forms SEE–28–75, SE–33–75, SE–49–4, SE–MR–73, SE–SLD–73, SE–EH–73, SE–PHHB–73, SE–SLH–73 or any predecessors of or substitutes for these forms) (hereafter, Data Sheets or LSH Reports); all corresponding psychological reports; all information provided by the local school district in addition to each Data Sheet or LSH Report; and any other documents, test results, reports and other data that formed the basis of each screening decision made by the University of Mississippi Regional Screening Team during each of the following periods of time:
(a) November 1, 1973 through November 30, 1973,

(b) November 1, 1975 through November 30, 1975, and
(c) January 1, 1976 through June 1, 1976. For purposes of responding to this subpoena, the date of each screening decision shall be determined by the date of the signature of the Regional Screening Team Chairman on each Data Sheet or LSH Report. Deponent shall be in full compliance with this subpoena if in providing the required documents he covers up, marks out, deletes or otherwise makes at least temporarily unreadable each child's or parent's name, address, telephone number or other personal identification number each time it appears in the documents.

2. Fed.R.Civ.P. 45(f) provides "failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of court from which the subpoena is issued."

where an "adequate excuse" exists and since Mr. Noble and Dr. Keye contend that plaintiffs' failure to meet the Act's prerequisites is such an "adequate excuse" they argue that Dr. Keye is not and should not be adjudged in contempt of court.

Plaintiffs argue alternatively (i) that the Act does not apply to the subpoenaed documents under the conditions prescribed for their production; or (ii) even if the Act is applicable and requires notification to the student's parents prior to the documents' production, the task of sending such notice falls on the educational agency or institution which has custody of the documents and not on the party who subpoenaed the documents.

All educational institutions or agencies receiving funds under federal programs administered by the U.S. Commissioner of Education are subject to the Act's provisions. The Act establishes minimum standards for the protection of student's privacy and other rights and enforces such standards by authorizing the denial of funds to those educational institutions and agencies which fail to meet these prerequisites.

■ The provisions of the Act relevant to the plaintiffs' motion are found in 20 U.S.C. § 1232g(b) which deals with the release of educational records to third-parties. After examining the Act's provisions and the regulations[3] adopted by the Secretary of Health, Education and Welfare for the implementation of the Act, the court finds that the Act does not bar the disclosure of the subpoenaed documents under the conditions provided in the subpoena.

Section 1232g(b)(1) is aimed at preventing the unrestricted release of student's education records or any "personally identifiable information" contained in such records to unauthorized individuals or organizations without the consent of the student and/or parents. Education records are those records or documents maintained by the institution or agency which "contain information directly related to a student." 20 U.S.C. § 1232g(a)(4)(A)(i); *See* 41 Fed.Reg. 24670 (1976). Personally identifiably information

> means that the data or information includes (a) the name of a student, the student's parent, or other family member, (b) the address of the student, (c) a personal identifier, such as the student's social security number or student number, (d) a list of personal characteristics which would make the student's identity easily traceable, or (e) other information which would make the student's identity easily traceable.

41 Fed.Reg. 24671 (1976).

The subpoena's provisions allow Dr. Keye to cover up or delete any information contained in the subpoenaed documents which may tend to identify the student or students who are the subject of or mentioned in the documents. Since the Act places restrictions on the release of educational records containing information directly related to a student or information contained in such records which is "personally identifiable" and since the subpoena allows Dr. Keye to delete or cover up such information in these documents, the court finds that the Act does not apply to the production of the subpoenaed documents and Dr. Keye may not rely on the failure of plaintiffs to comply with the Act as a reason for disobeying the subpoena.

■ Although not necessary to the resolution of the issue before the court, the court notes that plaintiffs' second argument is also well taken. Even if the subpoenaed documents were considered to be in a personally identifiable form and therefore subject to the provisions of the Act, subsection 1232g(b)(2) allows an educational institution or agency to release or provide access to "any personally identifiable information in education records [when] ˙. . . (B) such information is furnished . . . pursuant to any lawfully issued subpoena, *upon condition that parents and the stu-*

---

**3.** On June 17, 1976, the Secretary issued regulations implementing the Act. 41 Fed.Reg. 24670–75 (1976).

dents are notified of all such . . . subpoenas in advance of the compliance therewith by the educational institution or agency." (emphasis added). Clearly, if these documents were considered to be in a personally.identifiable form, the Act places the burden upon the "educational agency or institution [to make] a reasonable effort to notify the parent of the student or the eligible student of the order or subpoena in advance of compliance therewith." 41 Fed. Reg. 24673 (1976).

The court therefore finds that given the language of the federal statute and the accompanying federal regulations, the witness Dr. Keye has not shown "adequate excuse" for refusing to honor the subpoena.

Additionally, Dr. Keye and Mr. Noble raise the following points in their response to plaintiffs' motion:

(1) Dr. Keye is not a party to the action;

(2) The subpoena ordered the production of certain "voluminous documents" and said production would cost approximately $600.00 and require extra clerical assistance; and

(3) Dr. Keye was only the custodian and not the owner of the subpoenaed documents.

The court finds that none of these points justify Dr. Keye's disobedience of the subpoena.

[4] A subpoena must be issued to a person who is not a party to the action to compel his/her attendance for the purpose of giving testimony and producing documents. *Srybnik v. Epstein*, 13 F.R.D. 248, 249 (S.D.N.Y.1952); *Chemical Specialties Co. v. CIBA Pharmaceutical Products, Inc.*, 10 F.R.D. 500, 502 (D.N.J.1950); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2458 at 440 (1971).

[5] Rule 45(b) provides that if the person subpoenaed believes the subpoena is "unreasonable and oppressive" he may move to have it quashed or modified. Before denying such a motion, the court may require the party requesting the subpoena to advance the reasonable costs of producing the material. If the subpoenaed party serves on the party requesting the subpoena within the time period prescribed in Rule 45(d)(1) written objections to the inspection or copying of the subpoenaed materials, such objection bars the party from inspecting and copying the subpoenaed material until the court issues an order permitting the inspection and copying. Neither Dr. Keye nor Mr. Noble took any of these actions.

A person seeking access to records through the issuance of a subpoena often has the subpoena served on the individual who has possession of the documents and the court has found no requirement that the subpoena be served on.the person who owns the documents. *See Couch v..United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *Schwimmer v. United States*, 232 F.2d 855, 860 (8th Cir. 1956); *United States v. Int'l Business Mach. Corp.*, 71 F.R.D. 88, 91 (S.D.N.Y.1976); *Federal Trade Commission v. Blaine*, 308 F.Supp. 932, 932–33 (N.D.Ga.1970).

For the above-mentioned reasons, the court finds that Mr. Noble and Dr. Keye have failed to provide adequate reasons to excuse Dr. Keye's failure to obey the subpoena and to absolve him from plaintiffs' motion to hold Dr. Keye in contempt. The court notes that Dr. Keye's action was based on advice provided him by Mr. Noble and is aware that advice of counsel is not "adequate excuse" for disobeying a subpoena. 9 C. Wright & A. Miller, *supra* § 2462 at 450. However, when a party has failed to honor a subpoena because of advice of counsel, the courts are often reluctant to punish the subpoenaed party and only require that the documents be produced. *E. g. Steamship Co. of 1949, Inc., v. China Union Lines, Hong Kong, Ltd.*, 123 F.Supp. 802, 805 (S.D.N.Y.1954); *Virginia Metal Products Corp. v. Hartford Accident and Indemnity & Co.*, 10 F.R.D. 374, 375 (S.D.N.Y.1950). While the court does not condone counsel's advice to Dr. Keye, since the rules themselves provided sufficient methods to challenge the subpoena, the court believes that justice will best be served by ordering

Dr. Keye to produce the documents named in the subpoena. Accordingly, it is hereby

ORDERED:

(1) That within 10 days of the date of entry of this order, Dr. Keye shall appear and comply with the subpoena;

(2) That all personally identifiable information, as that term is defined in the Family Educational Rights and Privacy Act of 1974 and the regulations implementing said Act, shall be deleted, covered up, or made at least temporarily unreadable prior to the production of the subpoenaed documents; and

(3) That the plaintiffs' request that Dr. Keye be punished for contempt and their request for expenses, costs and attorneys fees, shall be held in abeyance pending compliance with the subpoena.