HUMAN RIGHTS AUTHORITY OF THE STATE OF ILLINOIS GUARDI-ANSHIP AND ADVOCACY COMMISSION, Petitioner-Appellant, *v.* GEORGE MILLER, Superintendent, Galesburg School District 205, Respondent-Appellee.

Third District   No. 3—83—0517

Opinion filed May 31, 1984.

Roger B. Derstine, of Guardianship and Advocacy Commission, of Chicago, Jeff M. Plesko, of Guardianship and Advocacy Commission, of Carbondale, and Albert Purham, Jr., of Guardianship and Advocacy Commission, of Peoria, for appellant.

Thomas G. West, of West, Neagle & Williamson, of Galesburg, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal from an order of the circuit court of Knox County denying enforcement of a subpoena issued by the Human Rights Authority of the Illinois Guardianship and Advocacy Commission (hereinafter petitioner). The petitioner is an executive agency established by the Guardianship and Advocacy Act to investigate complaints concerning violations of the rights of handicapped persons. Ill. Rev. Stat. 1981, ch. 91½, par. 701 *et seq.*

Acting on a complaint which alleged that the Galesburg School District was not providing occupational and physical therapy for its students, the petitioner started an investigation and asked the district superintendent (the respondent) to produce the students' educational program records. The records were to be masked so as to delete any information by which a student could be individually identified.

When the respondent failed to turn over the information, the petitioner issued a subpoena for the masked records. (Ill. Rev. Stat. 1981, ch. 91½, par. 720.) Again, the respondent refused to comply. The petitioner next sought judicial enforcement of the subpoena.

The circuit court ruled that the petitioner had no right to examine the records because it did not satisfy the access requirements of section 6 of the Illinois School Student Records Act. (Ill. Rev. Stat. 1981, ch. 122, par. 50—6.) The petitioner appeals.

Along with the access provisions of the records act, the respondent makes two additional arguments in support of the court's ruling: (1) the petitioner has no authority to investigate or review special education programs and; (2) the petitioner's right to investigate does not apply to all of the handicapped students in a school district but is limited to individual cases. We disagree with both contentions.

The thrust of the respondent's first argument is that the petitioner is somehow usurping the role of the State Board of Education by investigating the special education program of the Galesburg

School District. According to the respondent, the petitioner's inquiry is tantamount to the control and direction of special education which makes local school authorities accountable to the petitioner rather than the State Board of Education as required by the School Code. The respondent urges us to limit the petitioner's role to that of an advisor which must comply with the internal review and hearing procedures set forth in the School Code.

The independent investigatory authority of the petitioner is limited and narrowly defined by the Guardianship and Advocacy Act. (Ill. Rev. Stat. 1981, ch. 91½, par. 701 *et seq.*) The petitioner is empowered to conduct investigations, make recommendations to the agency under investigation, and require them to furnish information and respond to the petitioner's investigative report. Ill. Rev. Stat. 1981, ch. 91½, pars. 715, 716, 718, 720, 723.

The petitioner has no authority whatsoever to enforce its recommendations or institute measures to remedy rights violations. The petitioner cannot control or direct a school district's special education program, nor can the petitioner exercise any of the functions reserved to the State Board of Education.

■ The Guardianship and Advocacy Act was enacted to safeguard the rights of disabled persons. (Ill. Rev. Stat. 1981, ch. 91½, par. 701 *et seq.*) In order to carry out this function, the legislature has given the petitioner the authority to conduct independent investigations. Such a grant of authority is inconsistent with any suggestion that the petitioner must conduct itself according to the rules of the agency under investigation. We will not interfere with the intent of the legislature by subordinating the petitioner's statutory authority to that of the State Board of Education.

■ In reply to the respondent's second argument, we find that the petitioner's authority extends to complaints involving individuals as well as a group of handicapped students. The fact that section 715 of the Guardianship and Advocacy Act speaks of the rights of an eligible person in the singular does not negate a plural construction. Ill. Rev. Stat. 1981, ch. 1, par. 1004.

Furthermore, the petitioner is acting on the basis of a complaint regarding a specific group of handicapped students who are defined as eligible persons by the Guardianship and Advocacy Act. (Ill. Rev. Stat. 1981, ch. 91½, par. 702(g).) The petitioner's investigation of the district's special education program is limited to the issue of whether the complainants are receiving the services recommended by the district. This is not a sweeping and nonspecific evaluation of the program in general as the respondent contends. We find that the peti-

tioner's inquiry is within the bounds of its statutory authority.

The final issue is whether the circuit court was correct in ruling that the petitioner is subject to the access limitations of section 6 of the Illinois School Student Records Act (Ill. Rev. Stat. 1981, ch. 122, par. 50—6). The petitioner is authorized to inspect and copy any relevant materials in the possession of a State agency under investigation. However, the petitioner may not inspect materials containing personally identifiable data if the data cannot be removed without placing an unreasonable burden on the agency. (Ill. Rev. Stat. 1981, ch. 91½, par. 718.) For this reason, the petitioner's subpoena directed that the specified records be masked so as to cover up any information by which a student could be identified.

■ The access provisions of the Illinois School Student Records Act apply only to school student records. These are defined as any writing or other recorded information by which a student may be individually identified. (Ill. Rev. Stat. 1981, ch. 122, par. 50—2(d).) A masked record does not fall within this definition. Since the respondent does not contend that the masking process would constitute an unreasonable burden, the Illinois School Student Records Act does not apply to the subpoenaed material.

In reaching this conclusion, we are guided by the case of *Mattie T. v. Johnston* (N.D. Miss. 1976), 74 F.R.D. 498, which involved the Family Education and Privacy Act of 1974 (20 U.S.C. sec. 1232g (1976)). In *Mattie T.*, the plaintiffs had subpoenaed masked records concerning handicapped students. Like the Illinois School Student Records Act, the Federal act affects only records containing personally identifiable information. The Federal district court enforced the subpoena holding that the Federal act did not apply to the production of masked records.

For these reasons, we find that the Illinois School Student Records Act does not bar enforcement of the petitioner's subpoena. The judgment of the circuit court of Knox County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

BARRY and STOUDER, JJ., concur.