United States Court of Appeals,

Fifth Circuit.

No. 93-9109.

Frederick C. TIBERI, et al., Plaintiffs,

v.

CIGNA INSURANCE COMPANY, et al., Defendants,

CIGNA Insurance Company, et al., Defendants-Appellants.

M. Eliza STEWART, Appellant,

v.

MILLERS MUTUAL FIRE INSURANCE COMPANY and Millers Group Insurance, Appellees.

Dec. 19, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, DUHÉ and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

CIGNA Fire Underwriters Insurance Company and its attorney M. Eliza Stewart appeal an order of the district court denying them discovery and awarding costs and attorneys fees to Millers Mutual Fire Insurance Company and Millers Group Insurance. We affirm in part, reverse in part, and vacate in part.

*Background*

This appeal arises from attempts at discovery in the Northern District of Texas for litigation pending in the District of New Mexico in which CIGNA is the defendant in a breach of contract suit. The gravamen of that action is a claimed loss of business by insurance sales personnel because of acts by CIGNA.

CIGNA determined from records of the New Mexico Department of

Insurance that the plaintiffs may have written insurance with other carriers despite an exclusivity agreement with it.  CIGNA sought discovery from Millers regarding any insurance the plaintiffs may have written with it.  Following discussions between CIGNA and Millers, CIGNA obtained a subpoena duces tecum in the Northern District of Texas for a deposition to be taken in Dallas in late September 1993.  On September 9, 1993, Millers moved to quash or, in the alternative, for a protective order.

On September 21, 1993, the court *a quo* scheduled a hearing on the motion for the next morning.  Late on September 21, CIGNA's counsel in New Mexico prepared and executed sworn statements relevant to the next day's hearing and faxed them to their Dallas counterparts.  At the hearing the next day the court refused to consider the facsimile statements, barred the discovery sought, and ordered Stewart and CIGNA to pay Millers' costs and attorneys fees totaling $4100 for the motion to quash or protective order.  CIGNA timely appealed.

*Analysis*

CIGNA first contends that the district court erred in refusing to admit the faxed affidavits.  Fed.R.Civ.P. 43(e) provides that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition."  The district court

2

admitted one affidavit into evidence,[1] thereby determining that the hearing would not be wholly on oral testimony and that written evidence could be considered.

Fed.R.Civ.P. 5(e) permits papers to be filed by facsimile transmission if permitted by the rules of the district court. Fed.R.Evid. 1003 provides that duplicates, which we understand to include facsimiles, are as admissible as the originals, assuming there are no authenticity concerns. We conclude that under the very tight time constraints involved herein the district court abused its discretion in refusing to consider the facsimiles.[2] That evidentiary ruling is REVERSED.

CIGNA challenges the order of attorneys fees and costs, contending that Fed.R.Civ.P. 26(c) and 37(a)(4) are inapplicable and that it took reasonable steps to avoid imposing an undue burden on Millers. The application of Rule 37(a) sanctions via Rule 26(c) is not without question. Rule 37 is entitled "Failure to Make Disclosure or Cooperate in Discovery: Sanctions," and by its

---

[1]Although the district court rejected the faxed affidavits of Jennifer L. Weed and M. Eliza Stewart, it admitted and apparently considered Weed's earlier affidavit.

[2]It might be contended that this error was harmless in light of the district court's alternative conclusion that, even if admitted, CIGNA's faxed affidavits would hold no weight as against Millers' live testimony. As a rule, the court suggested that an affidavit will not prevail over credible, conflicting live testimony. That general statement must be taken *cum grano salis* in the factual situation at bar considering temporal and proximity factors. We conclude that the faxed affidavits provide strong and essentially uncontroverted evidence of the good faith efforts of CIGNA and Stewart to narrow the subpoena. Under the controlling circumstances, the trial court erred in not according appropriate weight to the faxed affidavits.

3

express terms applies to one resisting discovery. Rule 26(c), entitled "Protective Orders," states that the Rule 37(a)(4) provisions "apply to the award of expenses incurred in relation to the motion" for a protective order. Read together, the rules appear to apply only to persons refusing to comply with a valid discovery request and not to persons seeking overbroad discovery. Rule 26(c) is taken to state that the sanctions provision of Rule 37(a)(4) applies only if the "motion for a protective order is denied in whole or in part." Further, Rule 37(a)(4)(A) provides:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall ... require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred ... unless the court finds that the motion was filed *without the movant's first making a good faith effort to obtain the disclosure or discovery without court action,* or that the opposing party's *nondisclosure, response, or objection was substantially justified* ... (emphasis added).

The sanctions provisions of Rules 26 and 37 authorize expenses against a party *resisting* discovery by unreasonably necessitating a motion to compel or by unreasonably moving for a protective order. There is neither warrant nor need to strain the express language of these rules given the ready applicability of another rule. Rule 45(c)(1) specifically provides for sanctions, including "lost earnings and a reasonable attorney's fee" against one issuing a vexatiously overbroad subpoena.

Upon completion of our review, we conclude that the erroneously excluded affidavits present adequate proof that CIGNA and Stewart engaged in sufficient good faith efforts to negotiate reasonable parameters on the subpoena duces tecum to preclude

4

sanctions. The award of same was an abuse of discretion and the sanctions are VACATED.

Finally, CIGNA contends that the district court erred in barring discovery. We review the grant of a motion to quash a subpoena for abuse of discretion.[3] Although CIGNA's initial request was overbroad, the district court described a more appropriate, more narrowly-drawn request and gave CIGNA the opportunity to proffer a new subpoena within those limits. Though modification of an overbroad subpoena might be preferable to quashing, courts are not required to use that lesser remedy first.[4] Rather than totally barring necessary discovery, the trial court exercised its discretion by combining its decision to quash the overbroad subpoena with an expressed willingness to entertain thereafter a more narrowly-drawn subpoena.[5] The district court's

---

[3]*United States v. Arditti,* 955 F.2d 331 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 597, 121 L.Ed.2d 534 (1992) and --- U.S. ----, 113 S.Ct. 980, 122 L.Ed.2d 134 (1993).

[4]"On timely motion, the court by which the subpoena was issued shall quash *or* modify the subpoena if it ... requires disclosure of ... protected matter ... or ... subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A). The choice to quash or modify is discretionary in the district court. *See also* Wright and Miller, *Federal Practice & Procedure: Civil* § 2457.

[5]An order quashing a subpoena apparently has no *res judicata* effect on a later, narrower subpoena. *See Ariel v. Jones,* 693 F.2d 1058, 1060 n. 2 (11th Cir.1982) (affirming quashing of subpoena in one district but noting that the requesting party could "in fact obtain the requested information in another district"). Indeed, in the instant case the district court expressly authorized a new subpoena stating that its order "does not prevent further discovery from Millers, but merely prohibits the discovery sought by the subpoena at issue." The district court, while preserving judgment until Millers could present objections, appears to endorse a subpoena limited in scope to CIGNA's stated needs: "[t]he names and kinds of policies, the

decision to quash the subpoena and to allow CIGNA to start anew on a clean slate instead of itself modifying the subpoena was within the court's sound discretion.  The district court's order quashing the subpoena is therefore AFFIRMED.  The matter is remanded in order that CIGNA may pursue a new subpoena consistent with the district court's order.

AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, and REMANDED.

---

amount of premiums those policies have generated for Mr. Tiberi or his agency and the amount of commissions ... generated by those policies...."