BANKS, Justice,
for the Court:
In this matter we consider what is the appropriate standard for levying sanctions upon counsel for alleged abusive use of subpoena power. We also consider whether there was sufficient evidence for the trial court to levy such sanctions. Finding that the trial court applied the wrong legal standard and that the record contains no evidence to support sanctions under the appropriate standard, we reverse.
I.
On October 23, 1992, three female minors, their parents and next of friends, filed a civil action against JAM and SLM, in the First Judicial District of Hinds County. The complaint alleged several tortious actions against the couple arising from alleged sexual contacts between JAM and the three minors. Attorneys for SLM served Dr. Kathryn L. Lucas and Ms. Dorothy Rogers with subpoenas duces tecum, to produce any and all notes, memoranda, recordings, correspondence, evaluation, reports or information in their files concerning interviews conducted at the Clinton Public Schools, on or about February 20,1990, by the Department of Human Services. Lucas and Rogers were also subpoenaed to give oral depositions. On May 19, 1993, Lucas and Rogers filed a motion for protective order, to quash the subpoenas and for sanctions. Also, on May 19, 1993, attorneys for SLM issued a second set of subpoenas duces tecum to Lucas and Rogers. This second set explicitly contained the names of the three minor children, which the first set did not. Attorneys for SLM also issued a similar subpoena duces tecum and to testify to Mary Sue Hutton. On May 21, 1993, Appellees filed a second motion for protective order, to quash subpoena and for sanctions. On May 21, 1993, the trial court granted Appellees’ motion for protective order, to quash subpoena and awarded Appellees attorneys fees to be paid by the law firm of Edmonson, Biggs, Mozingo, and Jelliffe. Attorney Edmonson filed a motion to reconsider and the trial court affirmed its previous ruling. From this Appellants appeal.
II.
Appellants first assert that the trial court erred in awarding sanctions, in that, they did not act in “bad faith” in the issuance of the subpoenas. Appellants argue that there was no evidence introduced as to bad faith or conscious wrongdoing. Appellants also argues that an award of attorneys fees under M.R.C.P. 37(a)(4) may not be granted unless opposition to the motion was unjustified. In the trial court’s written order it stated:
... After considering the pleading filed again and hearing argument of all counsel, the Court again finds said Subpoenas describe documents which, if any there are, would be records of said school district and not of the individual to whom the Subpoenas Duces Tecum were issued. The Court finds the Trustees of the school district were rightfully concerned about disclosure of records of said school district and rightfully resisted said Subpoenas. The Court is advised and so finds that said law firm was told orally and by Affidavit of the individuals served with said Subpoenas that there are no such writings or records of interview of or by the parties named in said Subpoenas for them to authenticate, *739 produce or give testimony: and yet, said firm persists in requiring pleading and court appearance by the school district. The Court is of the opinion and so finds, that in the exercise of reasonable and professional care, said law firm would know; or should have known; that documents, records, grades, tests, notes, evaluations and any other records of such type described in some of said Subpoenas, if any there are, are not the property of the individuals for whom Subpoena was issued; and, those individuals are not custodian thereof. The Court reaffirms its ruling of May 21, 1993 by which said Subpoenas were quashed. And, the Court finds the issue of said Subpoenas is abusive; for which abuse the court has authority pursuant to the provisions of Rule 45(g), M.R.C: V.P. [sic]; and, by reference, Rules 26(b) [sic] and 37(4)[sic][1]; to grant sanctions and to require those causing such Subpoenas to issue to pay the reasonable costs and attorneys [sic] fees incurred by Clinton Public School District in objecting to resisting such Subpoenas.... [Footnote added].
This Court has stated that “where the trial court has employed the correct legal standards, we may reverse only where we find an abuse of discretion.” Tricon Metals & Services, Inc. v. Topp, 537 So.2d 1331, 1336 (Miss.1989). The trial Court employed the wrong legal standard in relying on Rules 26(d) and 37(a)(4). Rule 26(d) governs protective orders and provides that “Rule 37(a)(4) applies to the award of expenses incurred in relation to the motion.” Rule 37(a)(4) governs awards of expenses of motion and provides in pertinent part:
If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expense unjust.
The standard that Rule 37(a)(4) employs, is whether the motion was substantially justified or that other circumstances make an award of expense unjust. Rule 45(g) governs sanctions for abusive use of subpoenas. It provides:
On motion of a party or of the person upon whom a subpoena for the production of books, papers, documents, or tangible things is served and upon a showing that the subpoena power is being exercised in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the party or person upon whom the subpoena is served, the court in which the action is pending may order that the subpoena be quashed and may enter such further orders as justice may require to curb abuses of the power granted under this rule. To this end, the court may award to the successful movant attorney’s fees and expenses for challenging the subpoena and may order that they be paid directly by the attorney who caused the issuance of such subpoena.
The standard for sanctions under Rule 45(g) is whether the subpoena was issued in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress. The question turns to which standard should be used in an alleged abusive subpoena power ease. In Tiberi v. CIGNA Insurance Company, 40 F.3d 110 (5th Cir.1994), the Court found that the application of Rule 26(b) and 37(a)(4) is improper when a subpoena is being challenged. The Tiberi Court analyzed the purpose of each Rule and concluded:
The sanctions provisions of Rules 26 and 37 authorize expenses against a party resisting discovery by unreasonably necessitating a motion to compel or by unreasonably moving for a protective order. There is neither warrant nor need to strain the express language of these rules given the ready applicability of another rule. Rule 45(c)(1) specifically provides for sanctions, including “lost earnings and a reasonable attorney’s fee” against one issuing a vexatiously over broad subpoena.
*740 Tiberi, 40 F.3d at 112. We agree that the correct standard for the awarding of sanctions in this case is that under Rule 45(g). Thus, the trial court applied the wrong legal standard.
The test the trial court should have used was whether the subpoena was issued in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress. The trial court does state that Appellants’ actions in this case were abusive. The trial court stated that Appellants persisted in requiring pleading and court appearance by the school district. We find fault with this because if everything Appellees say is true, there was no need for them to file any pleadings or a motion for a protective order. If the deponents did not have any documents all they had to do was to come and say this on the record. The affidavits of the Dr. Lucas and Rogers were filed May 19, 1993, two days before the first hearing and initial grant of sanctions. The court also mentions that Ap-pellees’ counsel told Edmonson that the deponents did not have anything and that Ed-monson wanted this on the record. The court also points out the fact that the documents, if any, would be property of the school district and that Appellants should have known this. The second set of subpoenas were filed May 20, 1993, one day after the Affidavits were filed and one day before the hearing.
Appellants found out that Dr. Lucas was present at the meeting with the Department of Health. Appellants found out that the three minor girls had discussions with counselors Dorothy Rogers and Mary Sue Hutton. Rule 26 allows a party to obtain discovery to any relevant matter. Rule 45 is the appropriate mechanism to retrieve documents of non-parties. Appellants were required to find out what relevant information these ladies had.
The assertion that Appellants should have known that any documents would be property of the school district is of no moment. If the deponents are in possession of the documents serving them is not improper, because a subpoena duces tecum can be enforced against a person in possession of records belonging to others. Burdeau v. McDowell, 256 U.S. 465, 476, 41 S.Ct. 574, 576, 65 L.Ed. 1048 (1921); Mattie T. v. Johnston, 74 F.R.D. 498, 502 (N.D.Miss.1976). Furthermore, the subpoenas requests ed documents that are “in your files,” not the School’s files. There was no evidence that Appellants acted in bad faith or issued the subpoenas in a manner to annoy, harass, or oppress. We find that there is no evidence in the record that would allow sanctions under Rule 45(g). Thus, we reverse and render.
REVERSED AND RENDERED.
DAN M. LEE, C.J., PRATHER and SULLIVAN, P.JJ., and PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
MILLS, J., not participating.

. The rules that the trial court relied on were 26(d) and 37(a)(4).