WARREN R. GARLICK, Plaintiff-Appellant, v. OAK PARK AND RIVER FOREST HIGH SCHOOL DISTRICT No. 200, Defendant-Appellee.

First District (1st Division)    No. 1—08—2017

Opinion filed March 30, 2009.

Warren R. Garlick, of River Forest, for appellant.

John A. Relias, Julie Heuberger Yura, and Katie L. Belpedio, all of Franczek Radelet & Rose, P.C., of Chicago, for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

This dispute has all the earmarks of a schoolyard squabble, each side holding to its position with grim determination. Still, there is a point to be made.

The issue has to do with whether a student's father can require a high school to copy and hand over his daughter's algebra test booklets. To address this issue we are required to examine the Illinois School Student Records Act (Act) (105 ILCS 10/2 (West 2006)).

Plaintiff Warren Garlick, Keri Garlick's father, filed a declaratory judgment action against defendant Oak Park—River Forest High School District #200 (OPRF), seeking an unredacted photocopy of two of Keri's Advanced Algebra test question booklets. The trial court dismissed the complaint, finding the Advanced Algebra test questions were not student records under the Act.

We conclude the Act requires the school, under the circumstances of this case, to copy and give to the plaintiff the test booklets. We reverse and remand.

FACTS

During the 2005-06 school year, Keri was a freshman at Oak Park and River Forest High School. She was enrolled in both an Advanced Algebra and Honors Biology course. Her father, the plaintiff, has filed two lawsuits against OPRF. We refer to them as *Garlick I* and *Garlick II*. Only *Garlick II* is at issue in this appeal.

*Garlick I* Lawsuit

Plaintiff submitted a written request to the OPRF superintendent

requesting copies of all test questions administered to his daughter during the first quarter of her freshman Honors Biology course. The superintendent told plaintiff that because the teacher reused the test questions, and because the question booklets contained no information identifying Keri, plaintiff was not entitled to copies of the test booklets under the Act. Instead, plaintiff was offered an opportunity to examine the test booklets on school property or to bring the test booklets home for review, as long as he returned the booklets the next day and did not make a photocopy. He was permitted to hand copy any of the questions he wanted to review.

On December 22, 2005, plaintiff filed a complaint for injunctive and other relief against OPRF, seeking a declaratory judgment that the biology test questions were student records under the Act. Following an *in camera* review of the test questions, the trial court found they were not student records under the Act. This court affirmed the trial court's order, holding "[a] test booklet devoid of student marks or other identifying information neither concerns an individual student nor individually identifies a student, and thus cannot constitute a student record within the meaning of the Act." *Garlick v. Oak Park & River Forest High School District No. 200*, No. 1—06—1442 (2008) (unpublished order under Supreme Court Rule 23).

*Garlick II* Lawsuit

On June 18, 2006, plaintiff submitted a written request to the OPRF superintendent requesting copies of two of his daughter's Advanced Algebra exams. OPRF responded to his request by giving him copies of his daughter's answers and calculations, which were recorded on the test booklets along with her name. OPRF redacted the test questions from the copies because they contained no identifiable student information. According to OPRF, plaintiff was given an opportunity to review and hand copy the test questions at home, as long as he agreed not to photocopy the questions. Plaintiff did not dispute in the trial court that he was given an opportunity to review and hand copy the test questions. Neither the redacted nor the unredacted portion of the test question booklets is in the record.

On July 18, 2006, plaintiff filed a complaint for declaratory judgment and injunctive relief, seeking to compel OPRF to provide him with a photocopy of the redacted Advanced Algebra test questions. Following a hearing on June 6, 2008, the trial court granted OPRF's section 2—619 (735 ILCS 5/2—619 (West 2006)) motion to dismiss. The trial court found:

> "The court in the Garlick case clearly held that the test questions themselves do not give information regarding the student and do

not in any way individually identify the student. I think that's the same situation here. I don't think the fact that the test questions happen to appear on the same pages with the calculations and the student's name make any difference. This was a convenience, I assume, for the student to allow her to make the calculations right on the same page. But looking at only what was withheld, that's the test questions. They themselves do not give information about the student and do not in any way individually identify the student. So that part of the pages would not be student record. I do not have anything in front of me that says there is no authority to redact that information."

On July 8, 2008, plaintiff filed a motion to reconsider, which the trial court denied. Plaintiff appeals.

DECISION

Section 2—619(a)(9) of the Illinois Code of Civil Procedure permits involuntary dismissal where the claim asserted against the defendant "is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 2006); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368, 799 N.E.2d 273 (2003). A reviewing court must interpret all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Van Meter*, 207 Ill. 2d at 367-68. Our review of a section 2—619 dismissal is *de novo*. *Van Meter*, 207 Ill. 2d at 368.

I. Mootness

OPRF contends plaintiff's appeal is moot. Specifically, OPRF contends that even if plaintiff obtained copies of the test questions administered to his daughter during her freshman-year Advanced Algebra course, the questions would be meaningless because his daughter has already received a final grade in the course and cannot challenge the propriety of her grades two years later.

An appeal is moot where "the issues presented in the trial court no longer exist because events subsequent to the filing of the appeal render it impossible for the reviewing court to grant the complaining party effectual relief." *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 208, 886 N.E.2d 1011 (2008). We will not resolve a question merely to set a precedent or to guide future litigation. *Primeco Personal Communications, L.P. v. Illinois Commerce Comm'n*, 196 Ill. 2d 70, 100, 750 N.E.2d 202 (2001).

■ Section 5(a) of the Act provides "[a] parent or any person specifically designated as a representative by a parent shall have the right to inspect and copy all school student permanent and temporary

records of that parent's child." 105 ILCS 10/5(a) (West 2006). Although section 7(a) of the Act provides "[p]arents shall have the right to challenge the accuracy, relevance or propriety of any entry in the school student records, exclusive of *** academic grades of their child," a parent's right to "inspect and copy" his child's permanent and temporary student records under section 5(a) is not conditioned upon the exercise of such a right. See 105 ILCS 10/5(a), 7(a) (West 2006). Nothing in the Act allows a school to deny access to a student's records based solely on a parent's alleged motive in requesting the records.

■ An actual controversy exists in this case regarding whether the redacted portions of plaintiff's daughter's Advanced Algebra question booklets are student records, as defined by section 2 of the Act. The trial court held the redacted portions of the question booklets did not constitute student records. Plaintiff has properly appealed that finding.

If the redacted portions of the question booklets constitute student records under section 2 of the Act, plaintiff has a right to inspect and copy the redacted portions under section 5. This right exists regardless of plaintiff's alleged motives in making the request. See 105 ILCS 10/5 (West 2006). Plaintiff's proper recourse to pursue his right was to institute a cause of action for injunctive relief in the circuit court. See 105 ILCS 10/9(a) (West 2006) ("[a]ny person aggrieved by any violation of this Act may institute an action for injunctive relief in the Circuit Court of the County in which the violation has occurred or the Circuit Court of the County in which the school is located"). Plaintiff's appeal is not moot.

II. Collateral Estoppel

OPRF also contends plaintiff's appeal must be dismissed because his claims are barred by collateral estoppel.

Collateral estoppel promotes fairness and judicial economy by preventing the relitigation of issues already resolved in earlier actions. *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 77, 744 N.E.2d 845 (2001). "Collateral estoppel may be applied when the issue decided in the prior adjudication is identical with the one presented in the current action, there was a final judgment on the merits in the prior adjudication, and the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication." *Du Page Forklift Service, Inc.*, 195 Ill. 2d at 77.

In *Garlick I*, plaintiff's daughter, Keri, was not permitted to write on her Honors Biology test booklet; she was told to record her name and answers only on a scantron answer sheet. We noted "[t]he only issue before this Court is whether the definition of student record

contained in the Act covers test booklets *with no student markings or other identifying information*." (Emphasis added.) *Garlick v. Oak Park & River Forest High School District No. 200*, No. 1—06—1442, slip op. at 5 (2008) (unpublished order under Supreme Court Rule 23). We held "[a] test book devoid of student marks or other identifying information neither concerns an individual student nor individually identifies a student, and thus cannot constitute a student record within the meaning of the Act." *Garlick*, slip op. at 5-6.

■ In this case, both parties acknowledge plaintiff's daughter was allowed to write her name, answers, and calculations on the Advanced Algebra test question booklets. OPRF admits it responded to plaintiff's initial request by giving him redacted copies of his daughter's answers and calculations, which were recorded on the test booklets along with her name. Because the test booklets at issue here contain at least some student markings and other identifying information, we cannot say the issue decided in *Garlick I* is the same as the issue presented in this case. Collateral estoppel does not bar plaintiff's claims.

III. Student Records

Plaintiff contends the trial court erred in finding the redacted test question portion of his daughter's Advanced Algebra question booklets did not constitute student records under section 2 of the Act. Specifically, plaintiff contends that once his daughter was allowed to mark on the question booklets in a personally identifiable manner, the booklets became student records under section 2. Plaintiff contends he is entitled to an unredacted photocopy of the booklets under section 5 of the Act.

OPRF counters that the redacted portions of the test booklets, the test questions themselves, do not contain personally identifiable information about plaintiff's daughter. OPRF contends the test questions do not constitute a student record under the Act.

A. Whether the Test Questions Constitute a Student Record

No reported Illinois case has addressed whether a school may redact test questions which do not individually identify a student from a document that contains student markings and other individually identifying information.

Questions of statutory interpretation are issues of law, reviewed *de novo. In re Application of the County Collector*, 356 Ill. App. 3d 668, 670, 826 N.E.2d 951 (2005). The primary rule in statutory interpretation is to determine and effectuate the intent of the legislature. *In re Application of the County Collector*, 356 Ill. App. 3d at 670. The best indication of legislative intent is the language of the statute. *U.S.*

*Bank National Ass'n v. Clark*, 216 Ill. 2d 334, 346, 837 N.E.2d 74 (2005).

Words in the statute should be construed in context and given their plain and ordinary meaning. *In re Application of the County Collector*, 356 Ill. App. 3d at 670; *Clark*, 216 Ill. 2d at 346. We will not read into a statute any exceptions, limitations, or conditions that were not expressed by the legislature. *Hudson v. YMCA of Metropolitan Chicago, LLC*, 377 Ill. App. 3d 631, 635, 878 N.E.2d 821 (2007). Where a statute's meaning is unclear from a reading of its language, we may look beyond the statutory language and consider the purpose of the law, the evils it was intended to remedy, and the legislative history of the statute. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 181, 874 N.E.2d 1 (2007).

Section 2(d) of the Act clearly and unambiguously defines a "School Student Record" as "any writing or other recorded information concerning a student and by which a student may be individually identified, maintained by a school or at its direction or by an employee of a school, regardless of how or where the information is stored." 105 ILCS 10/2(d) (West 2006).

The Act "manifests the legislature's intent to create a parental right of access to matters contained in their children's school records, and to permit them the right to contest the accuracy, relevancy, and propriety of those records." *John K. v. Board of Education for School District 65*, 152 Ill. App. 3d 543, 553, 504 N.E.2d 797 (1987). The overall scheme of the Act is designed to "permit a broad right of access with narrow exceptions." *John K.*, 152 Ill. App. 3d at 553.

In this case, it is undisputed that the Advanced Algebra test booklets plaintiff requested, which were maintained by OPRF, contained student markings and other individual-identifying information. OPRF admitted plaintiff's daughter was permitted to write her name, answers, and calculations directly on the test booklets. Although the test questions themselves may not have contained information individually identifying plaintiff's daughter, they were clearly part of a document containing that information.

Nothing in the plain language of section 2(d) indicates only the portions of a document individually identifying a student should be considered a school record for purposes of parental inspection and copying. Nor does section 2(d) provide a school with the authority to redact the portions of a student record that do not individually identify the student. We will not read into the section any exceptions, limitations, or conditions that were not clearly expressed by the legislature. See *Hudson*, 377 Ill. App. 3d at 635.

The two cases cited by OPRF, *Bowie v. Evanston Community*

*Consolidated School District No. 65*, 128 Ill. 2d 373, 379, 538 N.E.2d 557 (1989), and *Human Rights Authority of the State of Illinois Guardianship & Advocacy Comm'n v. Miller*, 124 Ill. App. 3d 701, 704, 464 N.E.2d 833 (1984), discuss the release of "masked" student records—where the school deletes any information identifying a student in order to release school records for the purpose of research, statistical reporting, or planning—without parental consent. *Bowie* and *Miller* do not support limiting parental access to only the individually identifying portions of a student record.

■ Because the Advanced Algebra test question booklets contain student markings and other individually identifiable information, we find they fall in their entirety under the definition of a student record found in section 2(d). See 105 ILCS 10/2(d) (West 2006). Plaintiff has a right to "inspect and copy" the test question booklets as student records under section 5(a) of the Act. See 105 ILCS 10/5(a) (West 2006). Interpreting section 2(d) in such a way is consistent with the overall scheme of the Act, which is designed to "permit a broad right of access" to student records "with narrow exceptions." *John K.*, 152 Ill. App. 3d at 553.

In *Garlick I* we said, "[a] test book devoid of student marks or other identifying information neither concerns an individual student nor individually identifies a student, and thus cannot constitute a student record within the meaning of the Act." *Garlick I*, slip op. at 5-6. When student markings or other identifying information is present on the test booklets, however, the booklets become a student record subject to a parent's right to inspect and copy them under the Act. Redaction cannot change that.

B. Whether OPRF Substantially Complied With the Act

■ OPRF contends it substantially complied with section 5 of the Act when it allowed plaintiff to "review and hand-copy" his daughter's Advanced Algebra test booklets, including the redacted test questions themselves, provided he did not photocopy them.

In its reply memorandum in support of its section 2—619 motion to dismiss or stay pending appeal, OPRF alleged:

> "[T]he District has already given Plaintiff and his daughter copies of her answers to the test questions, as well a full opportunity to Plaintiff to *review* and *hand-copy* the test questions. *** Even though Plaintiff has had ample opportunity to review—and even hand copy—his daughter's test questions, he stubbornly insists on contravening the District's policies and demands copies of the tests themselves." (Emphasis in original.)

During a hearing on the motion to dismiss on June 6, 2008, OPRF argued:

"He's had permission to come into the classroom, sit with the teacher, hand copy any questions that he wishes to. He's even been allowed to take them home, as long as he didn't make photocopies as this is the school district's policy that they don't give cart [*sic*] blanche the test copies because test questions are used from year to year. \*\*\* He's had every chance to sit down and review these test questions. He could go into class everyday and sit down with the teacher and his daughter and look at the test questions, hand copy the test questions. The only issue here is they don't give out the test because if they did, it would render them meaningless. \*\*\* So Mr. Garlick has been given exactly what he's entitled to."

Although plaintiff denies on appeal that he was offered an opportunity to "review and hand-copy" the Advanced Algebra test questions, the record reflects he did not deny OPRF's factual allegations at any point during the circuit court proceedings.

When the trial judge granted OPRF's motion to stay the proceedings at issue on October 31, 2006, pending the resolution of *Garlick I*, she noted:

"THE COURT: Well, the pleadings tell me you have actually seen it, it's just that you want copies. You have actually seen it.

MR. GARLICK: Well, they are playing this little shell game of we see and review what have you. But the bottom line at the end of the day is I can see—

THE COURT: No. They tell me in their pleadings, and you did not deny it, that they let you look at the whole document unredacted and write down whatever you wanted to. I don't see any major prejudice here."

When a plaintiff fails to deny factual allegations properly raised in a pleading, the allegations must be taken as true. See *Hiram Walker Distributing Co. v. Williams*, 99 Ill. App. 3d 878, 881, 426 N.E.2d 8 (1981). Accordingly, we take it as true that plaintiff was allowed to "review and hand-copy" the redacted test questions at issue here.

Neither the plain language of section 5(a) nor the ordinary and commonly understood meaning of the term "copy" indicates a school must provide a "photocopy" of a student record to a parent. Nor does the language of section 5(a) place the burden of actually copying the record directly on the school itself. Instead, section 5(a) provides the "parent shall have the right to inspect and copy all school student permanent and temporary records." 105 ILCS 10/5(a) (West 2006).

The Act cannot be read as silent on the issue. Section 5(d) provides:

"The school may charge its reasonable costs for the copying of school student records, not to exceed the amounts fixed in schedules adopted by the State Board, to any person permitted to copy such records." 105 ILCS 10/5(d) (West 2006).

Although section 5(a) seems to place the duty on the parent to copy a student record, section 5(d) strongly suggests the legislature intended for a school to provide an actual copy of the student record when requested, whereupon the school "may charge its reasonable costs for the copying." Our construction of section 5(d) is supported by the legislature's explicit provision that "no parent or student shall be denied a copy of school student records as permitted under this Section 5 for inability to bear the cost of such copying." 105 ILCS 10/5(d) (West 2006).

Although OPRF allowed plaintiff to "hand-copy" any question he wished, he was not provided, or even allowed to create, an actual "copy" of the requested student records. Common sense dictates that allowing a parent to "hand-copy" a student record is not synonymous with providing a parent with a "copy" of a student record. We find OPRF's decision to allow plaintiff to only "review and hand-copy" his daughter's test question booklets did not sufficiently comply with section 5 of the Act.

In reaching our conclusion, we note the legislature specifically chose to provide parents with the right to "copy" their child's student records under the Act, a right not provided under the federal statute the Act is modeled after. Compare 105 ILCS 10/5(d) (West 2006) ("right to inspect and *copy* all school student permanent and temporary records" (emphasis added)), with 20 U.S.C. §1232g(1)(A) (2000) ("right to inspect and *review* the education records" (emphasis added)).

"Since it may be presumed that the legislature had knowledge of the Federal courts' construction of the Federal statute, the intent of the State legislature can be derived not only from the language actually adopted, but also from the language which was changed or not adopted." *Laborer's International Union of North America, Local 1280 v. Illinois State Labor Relations Board*, 154 Ill. App. 3d 1045, 1050, 507 N.E.2d 1200 (1987). Therefore, we may assume the Illinois legislature intended to expand a parent's right to access and inspect his child's student records, otherwise there would be no purpose for the inclusion of the phrase "copy," rather than "review," in section 5(a) of the Act. See *Brandt v. Keller*, 413 Ill. 503, 512, 109 N.E.2d 729 (1952).

Allowing OPRF to restrict by redaction a parent's right to receive a copy of his child's student records would be inconsistent with the legislature's intent to "permit a broad right of access" to those records. See *John K.*, 152 Ill. App. 3d at 553.

CONCLUSION

We find the Advanced Algebra test question booklets, which

contained student markings and other identifying information, were student records under section 2(a) of the Act. We also find OPRF's decision to allow plaintiff to "review and hand-copy" the test question booklets, rather than provide him with a copy of the student records, did not comply with section 5(d) of the Act. We reverse the order dismissing this cause and remand to the trial court for proceedings consistent with this opinion.

Reversed and remanded.

R. GORDON, P.J., and HALL, J., concur.