# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30484
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2016

Lyle W. Cayce
Clerk

JOHN PAUL COX,

Plaintiff

v.

COLUMBIA CASUALTY COMPANY, ET AL,

Defendants

KEARNEY S. LOUGHLIN,

Appellant

v.

KENNETH TODD,

Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-306

Before DAVIS, JONES, and GRAVES, Circuit Judges.

No. 15-30484

PER CURIAM:*

On May 12, 2015, the United States District Court for the Middle District of Louisiana entered a judgment ordering Plaintiff's counsel, Kearney Loughlin, to pay to Kenneth Todd, M.D., J.D. a sanction in the amount of $1,500.00. The court further ordered that the sanction be paid by counsel and not billed as an expense to the Plaintiff. Mr. Loughlin appeals the sanction order.

## BACKGROUND

Dr. Todd received a subpoena to appear in court and, accordingly, cancelled and rescheduled patients for that day in order to appear in court to testify. Additionally, he spent time reviewing his records in order to be prepared for his appearance.

The underlying matter was settled eight calendar days before it was scheduled for trial. Additionally, the parties filed a notice of the settlement with the court one week before trial. Mr. Loughlin, however, failed to properly advise Dr. Todd that the underlying matter was not going to trial. He alleged that he left a voicemail with Dr. Todd the day before trial. Dr. Todd testified that his answering machine specifically instructs callers not to leave messages. Dr. Todd testified that by taking a day off work he lost out on approximately $2,000.00 worth of revenue.

The district court determined that it was unreasonable for Mr. Loughlin to wait until the day before trial to attempt to inform Dr. Todd of the trial's cancellation. The district court specifically noted that Mr. Loughlin only had

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

three witnesses under subpoena and that it was not difficult for him to call the witnesses in a timely fashion.

## STANDARD OF REVIEW

We review the imposition of sanctions for abuse of discretion. *Ratliff v. Stewart*, 508 F.3d 225, 229 (5th Cir. 2007); *see also Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994) (reviewing imposition of sanctions pursuant to Rule 45 for abuse of discretion). "[A]n abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court." *Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc.*, 284 F.3d 575, 578 (5th Cir. 2002) (citations omitted). "We review the facts underlying the district court's decision to sanction for clear error." *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 576-577 (5th Cir. 2008).

## DISCUSSION

Mr. Loughlin contends that Dr. Todd already received compensation for his appearance in the form of a $40 check as a federal witness fee.[1] Dr. Todd, however, testified that he believed he should be compensated more for his time. The district court agreed.

While it is true that fact witnesses are to be compensated at the rate of $40 per day pursuant to 28 U.S.C. § 1821(b), the district court judge chose to compensate Dr. Todd as a sanction against Mr. Loughlin for his failure to

---

[1] Compensation of fact witnesses is governed by 28 U.S.C. § 1821 which provides:

A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821(b).

No. 15-30484

inform Dr. Todd of the settlement in a timely fashion. Federal Rule of Civil Procedure 45(d)(1) provides:

> Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Additionally, Local Rule 45.2 for the Middle District of Louisiana provides that "[i]t is the duty of counsel who has provoked the issuance of a subpoena to notify the person subpoenaed if his or her attendance will not be required in time to prevent the witness from making a needless trip. Counsel failing to comply with this rule may be subject to appropriate sanctions."

Accordingly, the district court had discretion pursuant to Federal Rule of Civil Procedure 45(d)(1) and Local Rule 45.2 to sanction Mr. Loughlin. Given Mr. Loughlin's failure to even attempt to inform Dr. Todd of the parties' settlement until the day before trial, it cannot be held that the district court abused its discretion. Accordingly, we AFFIRM.