Richard POLIQUIN, et al., Plaintiffs,

v.

GARDEN WAY, INC., Defendant.

Civ. No. 90–245–P–C.

United States District Court,
D. Maine.

April 7, 1994.

Maurice A. Libner, McTeague, Higbee, Libner, Macadam, Case & Watson, Topsham, ME, for plaintiffs.

Glenn H. Robinson, Roy E. Thompson, Jr., Thompson & Bowie, Portland, ME, Mark L. Austrian, Collier, Shannon, Rill & Scott, Washington, DC, for defendant.

*MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTIONS FOR COMPLIANCE WITH PROTECTIVE ORDER AND FOR SANCTIONS*

GENE CARTER, Chief Judge.

These motions arise from alleged violations of a Protective Order by Plaintiffs' attorney, Maurice Libner ("Libner"). The Protective Order was issued in this case on August 2, 1991, to protect trade secrets and other con-

fidential information disclosed by Defendant during discovery regarding Plaintiffs' product liability claim. Protective Order (Docket No. 22). The Order provides that materials designated as confidential shall not be disclosed to anyone outside the litigation and shall be used solely for the purpose of litigating Plaintiffs' case. Protective Order at ¶ 4. The case went to trial but was settled in November of 1991. Order of Dismissal (Docket No. 88). After an appeal of several of this Court's rulings with respect to various materials covered by the Protective Order, the litigation came to a close in April of 1993.

Defendant now alleges that Libner has violated the Protective Order by assisting a third party in obtaining protected material in *Poliquin* for use in another case against Defendant. In addition to the Motion for Sanctions for Violations of the Protective Order (Docket No. 114), Defendant has filed a Motion for Compliance (Docket No. 111).[1] This Court finds that Libner has violated the Protective Order and will grant Defendant's Motions.

### PROCEDURAL AND FACTUAL BACKGROUND

After the parties in *Poliquin* reached a settlement agreement, this Court issued two endorsements and an order determining that various documents and information that had been disclosed during the course of the litigation were confidential and thus fell under the Protective Order. Plaintiffs' Motion for Determination of Confidentiality (Docket No. 86); Defendant's Motion to Seal Documentation (Docket No. 89); and Order filed on Defendant's Motion to Seal Documentation (Docket No. 94). Libner appealed these rulings. The Court of Appeals for the First Circuit indicated that the Protective Order had been properly granted, stating "we have no doubt that the magistrate judge was entitled to enter the August 2 order." *Poliquin*

*v. Garden Way, Inc.* 989 F.2d 527, 532 (1st Cir.1993). The Court of Appeals also upheld, as not an abuse of discretion, this Court's determination that discovery materials which were not introduced at trial were protected by the Order. *Id.* at 534–35. These materials included depositions of 23 prior accident victims and copies of court complaints filed by accident victims in other cases. *Id.* The Court of Appeals modified this Court's rulings in one respect, by excluding from protection evidence that was admitted at trial, such as excerpts from interrogatories read to the jury and an edited videotaped deposition. *Id.* at 532–34.

The Court of Appeals denied Libner's Petition for Rehearing on April 20, 1993, and the litigation came to a close. The Order mandated that within ninety days after conclusion of the proceedings, Libner destroy all documents and information subject to the Order; that his use of protected information be limited to Plaintiffs' action; and that he not disclose protected information to anyone outside of this case. Protective Order at ¶¶ 4–5. On May 12, 1993, Libner filed a Motion to Amend the Protective Order, alleging that the Order was barring him from conducting discovery in a similar case pending in a state court in New York. (Docket No. 104). Stating that the Protective Order "in no respect limits a party's discovery rights in any other case," this Court, per Magistrate Judge Cohen, denied Libner's motion. (Docket No. 104).

On June 16, 1993, just two weeks after Judge Cohen's ruling, Libner sent a letter informing Defendant's counsel that he had advised Attorney Jan Schlichtmann, with whom he was working as co-counsel on a similar case filed against Defendant in a Massachusetts state court, to contact the court reporter who transcribed a deposition in *Poliquin* to obtain a copy of the deposition

---

1. Defendant has entitled this Motion for Compliance as a Motion for Reconsideration of Ruling by Magistrate Judge Cohen (Docket No. 111), denying Defendant's earlier Motion for Compliance. However, in its earlier motion for Compliance (Docket No. 106), Defendant did not allege that Libner had, in fact, violated the Protective Order, seeking only a more detailed certification by Libner that he had adhered to the Order's

provisions. Finding no evidence to indicate that the Order had been violated nor that Libner's certification was inadequate, Judge Cohen denied, by endorsement, Defendant's Motion. As there are now additional facts and circumstances alleged in this most recent motion by Defendant, this Court will treat it as a new Motion for Compliance rather than a Motion for Reconsideration.

for use at trial. *See* Defendant's Motion for Sanctions (Docket No. 114) at Exhibit B. Defendant alleges, and Libner does not contest, that the deposition in question of Peter Sawchuck had been designated as confidential by Defendant pursuant to the Protective Order. *See* Defendant's Motion for Sanctions at ¶ 3; and Protective Order at ¶ 2. Upon receiving Libner's letter, Defendant's counsel immediately contacted the court reporter who informed Defendant that a copy of the Sawchuck deposition had already been sent to Attorney Schlichtmann by federal express the previous day, on June 15, 1993. Defendant's Motion for Sanctions at Exhibit C, Affidavit of Glenn H. Robinson. Defendant sent a letter to Attorney Schlichtmann informing him of the Protective Order and requesting that he return the deposition in question immediately. Defendant's Motion for Sanctions at Exhibit A attached to Affidavit of Glenn H. Robinson. Defendant's counsel states that he has not received a response to his request.

### ANALYSIS

The Protective Order provides in relevant part that:

> Counsel for any party other than the Defendants shall use all confidential documents and information produced and disclosed by the Defendant *solely for the purposes of preparation for trial of this action. Under no circumstances shall materials covered by this PROTECTIVE ORDER be disclosed to anyone* other than counsel in this action, prospective or actual witnesses, including any expert retained by counsel for the Plaintiffs and employees of each of them.

Protective Order at ¶ 4 (emphasis added). This Court finds that Libner violated this provision of the Protective Order by directing a third party, Attorney Schlichtman, to contact a court reporter to obtain protected material for use in another case. It also appears that Libner has failed to inform court reporters who transcribed protected materials for him in the *Poliquin* case that they should destroy all such materials in accordance with the Order. The Protective Order provides that:

Within ninety (90) days after the conclusion of the proceedings in this litigation, all documents and information subject to this order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, including work product, shall be destroyed.

Protective Order at ¶ 5. Libner himself submitted an affidavit to this Court from a court reporter indicating that she declined to obey instructions from Defendant's counsel to destroy transcripts and data produced for attorney Libner in connection with the *Poliquin* case because Libner told her office that he disagreed with this procedure. Affidavit of Maurice Libner (Docket No. 117) at Exhibit E, Affidavit of Doris Wong. Libner's conduct in obstructing Defendant's efforts to ensure that confidential information is being destroyed pursuant to the Protective Order is a further violation of the Order's provisions.

█ Federal Rule of Civil Procedure 37(b) grants federal courts wide discretion in patterning sanctions to respond to a party's failure to comply with discovery orders. Discovery orders that can be enforced through Rule 37(b) include protective orders issued under Federal Rule of Civil Procedure 26(c). *See, e.g., Westinghouse Electric Corporation v. Newman & Holtzinger*, 992 F.2d 932, 934–35 (9th Cir.1993); *see also* Fed.R.Civ.P. 37, Notes of Advisory Committee, 1970 Amendment, subdivision (b) ("Rule 37(b)(2) should provide comprehensively for enforcement of all [discovery] orders," including Rule 26(c) protective orders).

█ Once it is determined that a party has violated a discovery order, Rule 37(b) requires the disobedient party to show that its failure to comply is substantially justified or that other circumstances make an award of sanctions unjust. Fed.R.Civ.P. 37(b); *see also, e.g., David v. Hooker, Ltd.*, 560 F.2d 412, 419 (9th Cir.1977). Attorney Libner argues that his disclosure of the Sawchuck affidavit to co-counsel in another case was justified because his understanding was that the *Poliquin* Order did not affect discovery in any other case against Defendant, and hence, did not apply to his use of protected information obtained in *Poliquin* in other

cases in which he is affiliated as co-counsel. Affidavit of Maurice Libner at ¶ 4. Libner bases this particular understanding of the Protective Order on the June 3, 1993 endorsement by Magistrate Judge Cohen, denying Plaintiffs' Motion to Amend the Protective Order. (Docket No. 104). Judge Cohen wrote, "Concluding that the 8/2/91 protective order in no respect limits a party's discovery rights in any other case, the motion is denied."

Libner's interpretation of Judge Cohen's comment borders on the incredible. Although this Court denied his Motion to Amend the Protective Order, Libner argues that Judge Cohen's endorsement nonetheless stripped the Order of any meaning with respect to his use of protected material.[2] Judge Cohen's brief comment, when read in the context of a Protective Order prohibiting the use or disclosure of confidential material beyond the confines of the *Poliquin* case, merely indicates that counsel in any other action against Defendant is free to initiate discovery anew. In other words, nothing in the order prohibits counsel from deposing witnesses, submitting interrogatories, or seeking production of relevant documents. The June 3, 1993 ruling does not, however, allow Libner to use or convey to third parties the specific depositions, interrogatory answers, or other documents produced in reliance on the Protective Order issued in *Poliquin*.[3] Hence, Libner has failed to demonstrate to this Court that his failure to adhere to the Protective Order is substantially justified.

Having found that Libner violated the Protective Order, this Court will grant Defendant's Motion for Compliance. This Court *ORDERS* that Libner immediately discontinue any and all efforts to disseminate documents and other materials disclosed during the *Poliquin* litigation and covered by the Protective Order. This Court also *ORDERS* that Libner ensure that all such information has been destroyed. The information covered by the Protective Order includes all documentation determined to be confidential by this Court's rulings,[4] as modified by the Court of Appeals for the First Circuit in *Poliquin*, 989 F.2d 527.

To ensure Libner's compliance with the Protective Order, this Court *ORDERS* that he submit a detailed letter accompanied by adequate documentation, within the next ten (10) days, certifying the precise steps that he has taken to ensure that all material covered by the Protective Order—including all copies, summaries, extracts and work product—has been destroyed. The letter must also certify

---

2. Libner's alleged "misunderstanding" of the import of the Protective Order was clearly demonstrated when he wrote to a clerk of this Court requesting that he be provided with materials protected under the Order for use in another case. The letter read, in part, as follows:

> In light of Magistrate Judge Cohen's June 3, 1993 docket entry order, I would like to retrieve the 23 original Rule 31 depositions upon written interrogatories which remain on file with the court, for use in the Harold Jackson (New York) case. I would also like to obtain the original depositions of Peter Sawchuck, Charles Wicker, and Jay Sluiter, if these are still filed with the Court.

Maurice Libner Letter, attached as Exhibit C to Defendant's Response to Mr. Libner's Motion to Strike Defendant's Motion for Sanctions (Docket No. 118). This Court did not comply with Libner's request.

3. Libner also argues that his use of the Sawchuck deposition was justified in order to expose alleged perjury of the same witness when he was deposed in another case filed against Defendant in a Massachusetts state court. This dispute over the manner in which counsel can expose alleged perjury of a witness is properly before the Massachusetts court and is not an appropriate issue for this Court to consider. Affidavit of Maurice Libner at ¶¶ 2–3.

4. This Court directs Libner's attention to the following rulings and confidential designations made pursuant to the Protective Order so that he take notice of the precise documentation falling under the Order's protection: (1) this Court's August 2, 1991 ruling issuing the Protective Order (Docket No. 22) in which Judge Cohen ruled that specific interrogatory answers were confidential; (2) all documents designated as confidential by Defendant and not contested, or contested unsuccessfully, by Plaintiff during the course of the litigation pursuant to paragraph 2 of the Protective Order; (3) this Court's December 10, 1991 endorsement denying Plaintiffs' Motion for Determination of Confidentiality (Docket No. 86); (4) this Court's December 10, 1991 endorsement granting Defendant's Motion to Seal Documentation (Docket No. 89); and (5) this Court's January 17, 1992 Order filed on Defendant's Motion to Seal Documentation (Docket No. 94).

that Libner has contacted all court reporters employed by him during the litigation proceedings in *Poliquin* and directed them to destroy any documentation or copies of protected materials. The letter should also indicate whether Libner has committed other violations of the Protective Order not noted in this Memorandum of Opinion and, if so, the letter should indicate what steps he has taken to correct these violations such as retrieving and destroying any protected materials conveyed to third parties.

This Court will also grant Defendant's Motion for Sanctions. This Court *ORDERS* that Defendant submit, within the next ten (10) days, documentation in support of all claims for reasonable attorney fees and costs associated with bringing the Motion for Compliance and the Motion for Sanctions, as well as any other reasonable expenses incurred as a result of Libner's violation of the Protective Order. Attorney Libner and Defendant shall file, not later than ten (10) days thereafter, written submissions not exceeding fifteen (15) pages in length stating their respective positions on the nature and extent of the appropriate sanction. Following submission of this documentation, the Court will determine and impose a proper sanction upon Attorney Libner. If Attorney Libner commits any future violations of the Order, this Court will act, *sua sponte*, to impose additional sanctions.

Accordingly, it is *ORDERED* that Defendant's Motions for Compliance with the Protective Order and for Sanctions be, and they are hereby, conditionally *GRANTED,* subject only to the Court's determination and imposition of an appropriate sanction on Attorney Libner.