# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2012

No. 11-20557

Lyle W. Cayce
Clerk

SMITH & FULLER, P.A.; HUGH N. SMITH,

Appellants

v.

COOPER TIRE & RUBBER COMPANY, A Delaware Corporation,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

REAVLEY, Circuit Judge:

The law firm of Smith & Fuller, P.A. and Attorney Hugh N. Smith appeal from the district court's award of sanctions in favor of the Appellee because the Appellants violated the court's protective order. The district court imposed the sanctions pursuant to FED. R. CIV. P. 37(b). Appellants contend that the district court lacked authority to impose sanctions and that the fees and expenses sought by the appellee were unreasonable. We AFFIRM.

## I. Factual Background

In the underlying action in this case, Appellants Smith & Fuller, P.A. and Hugh N. Smith represented the Trenado family in a products liability suit against Appellee Cooper Tire & Rubber Company. That case resulted in a jury

No. 11-20557

verdict in favor of Cooper in September 2010.  Prior to trial, the district court entered an Amended Protective Order of Confidentiality pursuant to FED. R. CIV. P. 26(c) to protect Cooper's trade secrets and confidential information produced during discovery.  The Protective Order strictly limited access of protected information to "authorized persons, solely in the performance of their duties in connection with the trial preparation of this case."  Smith and his law firm do not dispute that they violated this Protective Order.

In August 2010, Smith and his firm inadvertently disseminated Cooper's trade secrets and confidential information to a number of personal injury lawyers during a conference sponsored by Attorneys Information Exchange Group, Inc. about obtaining discovery from Cooper.[1]  The release of the confidential information occurred when someone from Smith's firm mistakenly copied it onto compact discs that were then distributed to the attorneys attending the conference.  Cooper discovered the violation when its counsel in this case received documents from a plaintiff's attorney in an unrelated suit against Cooper.  Many of those documents were marked with Trenado Bates numbers and had been deemed confidential.

On September 2, 2010, the district court entered an order on Cooper's Motion to Enforce Protective Order, which stated that "[i]t is clear that the court's Protective Order has been violated."  The court ordered Smith and his firm to take immediate action to enforce the Protective Order and to correct the violation.  The court reserved its ruling on Cooper's motion for sanctions.

---

[1] Smith had previously agreed that his firm would serve as a "clearing house [sic] for the accumulated information [concerning accidents involving Cooper tires manufactured at Cooper's Texarkana and Arkansas plants] and to make that information available to contributing attorneys."

No. 11-20557

Following trial, the district court held that Smith and his firm did not willfully violate the Protective Order.  It determined, however, that sanctions should be imposed for several reasons.  The court recognized that Cooper had sought a strongly worded protective order and had vigorously moved for its enforcement.  Smith understood the importance of complying with the order inasmuch as Cooper's production of confidential documents was made in reliance upon the protections given by the court; yet, Smith allowed dissemination of the protected information to personal injury lawyers who sue Cooper and other tire manufacturers.  As a result, Cooper incurred attorneys' fees and expenses in its effort to identify the violation and to enforce the Protective Order.  The court also noted that Smith had previously violated a similar protective order.[2]  The district court held that sanctions were appropriate in order to deter future violations of protective orders and to reflect the seriousness of such orders.

Pursuant to FED. R. CIV. P. 37(b)(2)(C), the court ordered Appellants to reimburse Cooper for the attorneys' fees and expenses connected to Appellants' violation of the Protective Order.  The court ordered Cooper to submit affidavits setting forth the services for which it sought reimbursement, including time expended, reasonable hourly rates sought, and proof of expenses incurred.  After reviewing Cooper's submission, the court ordered Appellants to pay Cooper $29,667.71 in fees and expenses.  Appellants now appeal.

---

[2] Smith was sanctioned for willfully violating a protective order in another case against Cooper by providing confidential material to an attorney in Arizona.  *See McDonald v. Cooper Tire & Rubber Co.*, No. 801CV1306T27TGW, 2005 WL 3372855, at *1 (M.D. Fla. Dec. 12, 2005) (unpublished).

3

No. 11-20557

## II. Standard of Review

A district court's imposition of sanctions pursuant to Rule 37(b) is reviewed for an abuse of discretion. *O'Neill v. AGWI Lines*, 74 F.3d 93, 95 (5th Cir. 1996). "The district court's underlying findings of fact are reviewed for clear error and its underlying conclusions of law reviewed de novo." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 578 (5th Cir. 2000).

## III. Discussion

A. Application of Rule 37(b)(2) Sanctions to the Violation of a Rule 26(c) Protective Order

As noted above, the district court provided several reasons for its determination that sanctions were proper. The Appellants contend that the violation of the Protective Order was inadvertent and that the court erred by imposing sanctions. They further argue that the district court's remedial powers were limited to the "Inadvertent Disclosure" provision of the Protective Order.

"FED. R. CIV. P. 37(b) empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, FED. R. CIV. P. 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983). The district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). This discretion, however, is limited. "[U]sually, . . . a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case." *Id.* at 1021. Lesser sanctions do not require a finding of willfulness. *See*

4

No. 11-20557

*Chilcutt v. United States*, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993) (stating that district courts "have authority to grant a broad spectrum of sanctions" under Rule 37(b), and "neither this Court nor the Supreme Court has ever determined that the lack of willful, contumacious, or prolonged misconduct prohibits all sanctions"). Having found no willful misconduct, the district court here imposed one of the least severe sanctions under its authority. *See id.* at 1320 n.17.

Appellants cite the Eleventh Circuit's decision in *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305 (11th Cir. 2001), to argue that the district court lacks authority to impose Rule 37(b) sanctions for violation of FED. R. CIV. P. 26(c) protective orders. The *Lipscher* court reasoned that Rule 37(b)(2) does not mention Rule 26(c) protective orders and that the rule applies only when "a party 'fails to obey an order to provide or permit discovery . . . .'" *Id.* at 1323 (quoting Rule 37(b)(2)). The court held that "a Rule 26(c) protective order is not 'an order to provide or permit discovery,' and therefore, such orders do not fall within the scope of Rule 37(b)(2)." *Id.* (citations omitted).

The Eleventh Circuit's narrow application of Rule 37(b) has been questioned by several courts.[3] Indeed, the effect of the Rule was broadened when it was amended in 1970.[4] The Advisory Committee Notes to the

---

[3] *See Valdez-Castillo v. Busch Entm't Corp.*, No. 06-20772-CIV, 2008 WL 4999175, at *5–6 (S.D. Fla. Nov. 20, 2008) (unpublished); *Whitehead v. Gateway Chevrolet, Oldsmobile*, No. 03 C 5684, 2004 WL 1459478, at *3 (N.D. Ill. Jun. 29, 2004) (unpublished) (refusing to follow *Lipscher* and holding that imposing Rule 37(b) sanctions of attorneys' fees may be awarded for violation of a protective order).

[4] The 1970 Advisory Committee Notes state in relevant part: "The scope of Rule 37(b)(2) is broadened by extending it to include any order 'to provide or permit discovery,' including orders issued under Rules 37(a) and 35. Various rules authorize orders for discovery--e.g., Rule 35(b)(1), *Rule 26(c)* as revised, Rule 37(d). Rule 37(b)(2) should provide comprehensively for enforcement of all these orders." (Emphasis added) (Internal citation omitted).

amendments have been oft cited by courts when imposing Rule 37 sanctions. *See, e.g., Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934–35 (9th Cir. 1993); *Poliquin v. Garden Way, Inc.*, 154 F.R.D. 29, 31 (D. Me. 1994). There is thus significant authority in support of the imposition of Rule 37(b) sanctions for violation of Rule 26(c) protective orders. *See Falstaff Brewing Corp.*, 702 F.2d at 784 (holding that Rule 37(b)(2) authorizes the court to impose sanctions for disobeying a discovery order); *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 911 (9th Cir. 1986) (upholding the court's grant of sanctions under Rule 37(b) for violation of a protective order); *Poliquin*, 154 F.R.D. at 31–33 (imposing sanctions of attorney's fees and costs pursuant to Rule 37(b) for violations of a protective order).

Even under *Lipscher*'s narrow reading of Rule 37(b), however, the district court here concluded that its Protective Order in this case was an "order to provide or permit discovery" as the phrase is used in Rule 37(b)(2). We agree. The Protective Order in this case: "govern[ed] confidential material produced or disclosed by these Defendants or Plaintiff[s] in response to formal or informal discovery conducted in this matter" (¶ 3); allowed each party to designate as confidential material "all or any portions of documents, things and information it produces formally or informally to the other parties to this litigation" (¶ 4); addressed the "inadvertent [or] unintentional . . . production of any confidential material" (¶¶ 5, 13); included procedures for objecting to the designation of material produced as confidential (¶ 6); limited access to confidential material (¶ 7); contained a provision to address confidential materials when "any subpoenas, requests for production, or any other forms of discovery . . . are served on any party to this Protective Order" (¶ 10); and included provisions

No. 11-20557

regulating the storage, use in depositions, and the return of confidential material (¶¶ 9, 12, 15).

In our view, by prescribing the method and terms of the discovery of confidential material, the Protective Order was granted "to provide or permit discovery" of confidential documents within the meaning of Rule 37(b). *See* FED. R. CIV. P. 37(b)(2)(A). Indeed, no one disputes that Cooper produced thousands of pages of trade secrets or confidential information in reliance on the Protective Order. Thus, there is no basis to vacate the district court's determination.[5]

Appellants' argument that the district court could not impose sanctions because the Protective Order addressed the "Inadvertent Disclosure" of documents is unavailing, as this provision of the order did not restrict the district court. Pursuant to Rule 37(b), the court is authorized to impose sanctions against parties or counsel, "'including attorney's fees,' caused by the failure to comply with discovery orders." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763, 100 S. Ct. 2455, 2462–63 (1980). The district court provided specific and well-reasoned grounds to impose sanctions as it determined that any lesser penalty would not have been an adequate future deterrent. Appellants concede that they violated the court's Protective Order, and it was well within the court's discretion to use sanctions as a tool to deter future abuse of discovery. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985) (observing that "a primary purpose of Rule 37 sanctions is to deter future abuse of discovery") (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976)); *see also*

---

[5] Appellants also rely on *Tiberi v. CIGNA Insurance Company*, 40 F.3d 110 (5th Cir. 1994), to contend that Rule 37(b) sanctions are inapplicable to Rule 26. Appellants' reliance on *Tiberi* is misplaced as that case concerned FED. R. CIV. P. 37(a)(4). *Id.* at 111.

*Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) (holding that under Rule 37(b)(2), a "dismissal is proper only in situations where the *deterrent* value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions" (emphasis added)); *Bluitt v. Arco Chem. Co.*, 777 F.2d 188, 190 (5th Cir. 1985) (same).

B.  Reasonableness of Attorneys' Fees and Expenses

Appellants make several arguments contesting the amount of the attorneys' fees awarded to Cooper.  A party can be held responsible only for the reasonable attorneys' fees and expenses caused by the party's misconduct.  *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citing  *Chapman & Cole & CCP, Ltd. v. Itel Container Int'l B.V.*, 865 F.2d 676, 687 (5th Cir. 1989)).  This court uses the "lodestar" method to calculate attorneys' fees, which is applied by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for the work at issue.  *Id.* at 367.  There is a "strong presumption that the lodestar award is the reasonable fee[.]" *Heidtman v. County of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999).

The record shows that in response to the district court's order, Cooper timely filed affidavits from Attorney T. Christopher Trent, its lead counsel in this case, and from Attorney Nicole K. Schwieterman, whose law firm served as Cooper's national discovery counsel, to establish its attorneys' fees and expenses associated with identifying the Appellants' violation of the Protective Order and enforcing that order.  The affidavits and supporting evidence showed the time spent by Cooper attorneys investigating the violation, drafting various motions to enforce the Protective Order, preparing replies to the Appellants' responses, coordinating and conferring with Cooper, and attending court hearings.  The

No. 11-20557

affidavits also documented the hourly rates of the attorneys and paralegals who worked on this matter. The affidavits of counsel may alone be sufficient proof for purposes of Rule 37 to establish the amount of fees to be awarded. *See Tollett*, 285 F.3d at 367 (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 323–24 (5th Cir. 1993)).

To the extent that the Appellants argue that Cooper relied on multiple firms and generated unreasonable fees to investigate the violation of the Protective Order, we are unpersuaded. The district court considered various investigative actions, motion preparations, and hourly rates to conclude that Cooper's claimed expenses were reasonable. Our review of the record shows no abuse of discretion by the district court. This is particularly true since Cooper did not learn of the violation until the eve of trial in the underlying action when its lead counsel was engaged in trial preparation, thereby causing a need for additional involvement by Cooper's national discovery counsel.

Appellants further argue that the district court erroneously allowed Cooper to submit a "necessary affidavit of a third-party" to establish the reasonableness of its fees after the expiration of the fifteen-day time period established by the court. The district court has broad discretion to control its own docket and permit the filing of pleadings. *See Enlow v. Tishomingo Cnty., Miss.*, 962 F.2d 501, 507 & n.16 (5th Cir. 1992). Appellants complain that they were unable to respond to the third-party affidavit. However, Appellants not only fail to explain how they would or could have responded to the affidavit, but they also fail to show any prejudice from its submission because the third-party affidavit was neither required nor necessary. As noted above, here the timely

9

No. 11-20557

affidavits of Cooper's counsel sufficiently established the fees to be awarded. *See Tollett*, 285 F.3d at 367.

## IV. Conclusion

The extra time and effort exerted on this matter could have been avoided had the Appellants been more careful in the handling of Cooper's confidential materials. The Protective Order was granted specifically to protect Cooper's trade secrets and confidential information from incidents such as this. Although Appellants contend that they made great efforts to correct the violation, guarding against the dissemination of its confidential materials is vital to Cooper's business. And, in light of the Appellants' prior violation of a protective order, Cooper's proactive steps in this matter were reasonable.

AFFIRMED.