# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11281
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2014

Lyle W. Cayce
Clerk

JAY SANDON COOPER,

Plaintiff-Appellant

v.

DALLAS POLICE ASSOCIATION; GLENN WHITE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1778

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jay Sandon Cooper moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's order compelling him to respond to a postjudgment discovery request by the Dallas Police Association and Glenn White, the order imposing sanctions against him for his failure to comply, and the order denying his numerous motions. The district court denied his IFP motion and certified that the appeal was not taken in good faith under 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11281

U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3). By moving to proceed IFP, Cooper is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court did not abuse its discretion in ordering Cooper to answer the appellees' interrogatories. The appellees were permitted to file the discovery request seeking information relevant to the enforcement of the judgment. *See* Fed. R. Civ. P. 69(a); TEX. R. CIV. P. 621a. Rule 69 permitted the defendants to proceed under state law, and there is no limit to the number of interrogatories that may be propounded under Texas Rule of Civil Procedure 621a. *See* TEX. R. CIV. P. 190.6. Cooper admitted at the hearing that the appellees served him with the postjudgment discovery and that he did not respond or object to the discovery. Therefore, he waived any objections to the interrogatories. *See* FED. R. CIV. P. 33(b)(4); *see also In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); TEX. R. CIV. P. 193.1, 193.2(e); *Reynolds v. Murphy*, 188 S.W.3d 252, 260 (Tex. App. 2006). The defendants attached a good faith certification to their motion to compel and their motion for sanctions. The district court did not abuse its discretion in ordering Cooper to comply with the appellees' discovery request. *See* FED. R. CIV. P. 37(a); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012); *United States v. City of Jackson*, 359 F.3d 727, 732 (5th Cir. 2004); *United States v. McWhirter,* 376 F.2d 102, 106 (5th Cir. 1967).

The district court did not abuse its discretion in imposing sanctions against Cooper for his failure to comply. The appellees met their burden to

show that Cooper should be held in contempt because the order compelling Cooper to respond was in effect, he did not respond or object, and he did not demonstrate that he was unable to comply or present any other relevant defense. *See Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). The district court determined that his refusal to comply was the result of willful disobedience. The district court had the authority under Rule 37 to impose sanctions for Cooper's refusal to comply with its discovery order. *See Smith & Fuller, P.A.*, 685 F.3d at 488; *McWhirter*, 376 F.3d at 106. Therefore, the district court did not abuse its discretion in imposing sanctions against Cooper for his refusal to comply with the court's prior order. *See Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009).

The district court did not err in rejecting Cooper's argument that the order was not definite or specific, finding that the order clearly required him to answer every interrogatory. The district court did not err in rejecting Cooper's argument that sanctions were not authorized in a Title VII action. *See Tollett v. City of Kemah*, 285 F.3d 357, 368-69 (5th Cir. 2002) (affirming award of attorney's fees pursuant to Rule 37 for failure to comply with discovery order in a Title VII case); *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. 2013) (affirming award of reasonable expenses and attorney's fees pursuant to Rule 37 for failure to comply with discovery order against plaintiff in Title VII case). The notice of the hearing did not violate Cooper's due process rights as it correctly stated that the hearing would concern the motion for sanctions, and the magistrate judge properly allowed testimony concerning related matters. The district court did not err in imposing sanctions despite Cooper's indigence. *See Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114-15 (5th Cir. 1986) (affirming monetary sanctions and attorney's fees imposed on indigent party for his willful refusal to comply with

No. 13-11281

discovery orders). Nor did the district court did err in rejecting Cooper's argument that penalties should not be incurred from the date of the order. *See* FED. R. CIV. P. 62(a), (d).

Cooper argues that the district court erred in granting the motion for sanctions during an automatic stay imposed by the bankruptcy court during his bankruptcy proceedings. The district court did not err in holding that the governmental unit exception to the automatic stay applied to district court sanctions order. *See Sabre Group, Inc. v. European Am. Travel, Inc.*, 192 F.3d 126, 1999 WL 683863 at *2 (5th Cir. 1999)[1]; *see also Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993) (holding Rule 11 sanction proceeding was exempt from automatic stay); *In re Berg*, 230 F.3d 1165, 1167-68 (9th Cir. 2000) (same).

Finally, Cooper argues that the district court judge should have recused himself for bias because he improvidently granted the defendants' motion to compel without reviewing the interrogatories. Cooper failed to show that there was a basis for recusal of the district court judge under 28 U.S.C. §§ 144 or 455. The district court's adverse rulings against Cooper were not an adequate basis for demanding recusal. *See United States v. MMR Corp.* 954 F.2d 1040, 1045 (5th Cir. 1992). Therefore, the district court judge did not abuse his discretion in not recusing himself for alleged bias. *See United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998).

Because the appeal lacks arguable merit and is therefore frivolous, Cooper's motion for leave to proceed IFP on appeal should be denied, and his appeal should be dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.

---

[1] *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (recognizing that unpublished decisions issued after January 1, 1996 are not controlling precedent but may be considered persuasive authority).