**LUNAREYE, INC., Plaintiff,**

v.

**GORDON HOWARD ASSOCIATES, INC., Defendant.**

**CIVIL ACTION No. 9–13–CV–91**

United States District Court, E.D. Texas, Lufkin Division.

Signed February 2, 2015

---

Eric M. Albritton, Michael A. Benefield, Albritton Law Firm, Longview, TX, Matthew S. Compton, Jr., Stephen W. Abbott, Christopher M. Faucett, Prebeg, Faucett & Abbott PLLC, Houston, TX, for Plaintiff.

Darlene Fae Ghavimi, Stewart Mesher, Conley Rose PC, Austin, TX, Jerry Clyde Harris, Jr, Conley Rose, PC, Plano, TX., Michael Charles Smith Siebman Burg Phillips & Smith, LLP, Marshall, TX, for Defendant.

### *ORDER GRANTING IN PART DEFENDANT GORDON HOWARD ASSOCIATES, INC.'S EMERGENCY MOTION TO ENFORCE THE PROTECTIVE ORDER AND MOTION FOR SANCTIONS*

RON CLARK, District Judge

Defendant asserts that at an unrecorded hearing at the Patent Trial and Appeal Board (PTAB), Plaintiff's counsel disclosed information protected by the Amended Protective Order entered by this court. Doc. # 127. The court held a hearing on this matter on January 7, 2015. Doc. # # 131, 132. The court stated its findings, conclusions, and order on the record and the reasons therefore. Because the issues are novel, and likely to recur, the court enters this written order. Having considered the facts and arguments of the parties, the court finds that Plaintiff did disclose protected information and imposes sanctions on Plaintiff.

## I. Background

This matter was stayed pending *inter partes* review before the Patent Trial and Appeal Board (PTAB). Prior to proceeding to *inter partes* review, the parties submitted an agreed Amended Protective Order, which this court signed. Doc. # 82. The Order included the following provision:

> All CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA shall be used solely in preparation for trial and/or appeal of the above-identified action. These materials shall not be used or disclosed at any other time or for any other purpose whatsoever. Notwithstanding the above or the remainder of this Protective Order, any party may use CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA as a basis for asserting claims or defenses in the present lawsuit, provided that the CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA is not disclosed in a publicly available pleading or otherwise disclosed to the public. This provision shall not apply to the court and court personnel, including court reporters.

Doc. # 82, ¶ 14.

Defendant alleged that Plaintiff's counsel violated the terms of the Amended Protective Order during an off-the-record conference before the PTAB on December 22, 2014. Doc. # 127. According to the parties, the conference was to discuss Plaintiff's request for additional discovery from Defendant. Defendant asserts that Plaintiff's counsel violated the Order by disclosing to the PTAB panel three topics that were confidential under the Order: Plaintiff's counsel allegedly disclosed to the panel that Defendant uses components from third-party CalAmp; Plaintiff's counsel allegedly stated to the panel that contracts with third parties existed and that they may have indemnity provisions; and Plaintiff's counsel allegedly discussed Defendant's litigation budget in relation to its profits. Defendant requested that the court find that Plaintiff's counsel violated the Amended Protective Order and that the court award sanctions of attorney's fees and require Plaintiff to withdraw its request for additional discovery.

## II. Applicable Law

The Federal Circuit applies regional circuit law to the imposition of discovery sanctions. *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 560 F.3d 1291, 1304 (Fed.Cir.2009). A district court has the power to sanction a party both under Fed.R.Civ.P. 37 and its inherent powers. *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir.1997). Fed.R.Civ.P. 37 is the appropriate vehicle to impose sanctions for violations of protective orders, including inadvertent violations. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The Fifth Circuit has said "[u]nder this circuit's precedent, we have required that the district court use 'the least onerous sanction which will address the offensive conduct.'" *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 (5th Cir.2011) (quoting *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir.1997)).

## III. Analysis

This case highlights what is likely to be a recurring issue as more cases are

brought for *inter partes* review after a patent suit has been filed in district court. Protective orders are commonly issued in district court cases to facilitate the exchange of information while protecting confidential proprietary information and trade secrets on both sides. These cases typically involve hundreds of thousands of pages of discovery and the court must rely on counsel to cooperate in good faith in properly identifying confidential information and then protecting material so designated.

On the other hand, the PTAB presumes that all "documents and things" used in an *inter partes* proceeding are to be made public, unless it grants a party's motion to seal. 37 C.F.R. § 42.14. At this time, there is a dearth of case law on the interaction between a district court's protective order and proceedings before a PTAB panel. Given the rapid increase of parallel litigation in both the PTAB and the district courts, such disputes are likely to become more common, given the almost inevitable inadvertent, and possibly purposeful, disclosures that may occur.

Turning to the facts of this case, while there were some minor disagreements between the parties as to what exactly was said, both sides agree that there was at least some discussion by Plaintiff's counsel of the three alleged disclosures that Defendant accused Plaintiff's counsel of making.

Plaintiff was seeking from the PTAB panel leave for additional discovery on the issue of whether Defendant was receiving assistance for the *inter partes* review proceedings from other parties. The hearing was, in accordance with PTAB practice, a preliminary telephonic hearing, which was not recorded and was intended to give the panel sufficient information to decide whether to permit further, more formal, development of the issue.

The parties agreed that Plaintiff's counsel at least mentioned that Defendant incorporates components from other suppliers, including CalAmp, into some of its devices. As discussed at the hearing on January 7, 2015, disassembly of a product provides information regarding third-party suppliers. Similar information is also available through the Federal Communication Commission's website. Pl.'s Hr'g Ex. D. As this information is publically available, any disclosure of it is not the basis for sanctions.

Next, Plaintiff's counsel admits that he mentioned, or alluded to, the existence of indemnity agreements between Defendant and third parties. However, indemnity agreements flowing down the chain of distribution of product components and products that are likely to be subject to patent protection have become the rule in recent years. Publically available information regarding Defendant and Defendant's known suppliers contains indemnity agreements. Pl.'s Hr'g Exs. B & C. This general discussion about the existence of indemnity agreements, without more, is not a violation of the Amended Protective Order and is not grounds for sanctions.

Lastly, Plaintiff's counsel admitted that he referenced the ratio between Defendant's litigation budget and Defendant's revenues. Plaintiff asserts this information implies involvement of one or more third parties, which would support its request for additional discovery before the PTAB.

Plaintiff's counsel strongly contends that he did not reveal the actual numbers, but rather just their relative values. Defendant asserts, and Plaintiff did not dispute, that this information could only have come from confidential information Plaintiff's counsel received as confidential disclosures in this litigation; information that is governed by the Amended Protective Order.

Counsel for both sides agree that Plaintiff's counsel at least mentioned to the PTAB panel that the Amended Protective Order was in place and that he would therefore limit the level of detail of the assertions he could make. One of the panel members made a statement to the effect of "do not disclose confidential information because it is not necessary for this hearing."

The litigation budget of each party is confidential information stemming from the work product of their attorneys in determining what will be necessary to prepare to try a case. Sales figures are confidential information for this, and many other companies, release of which might give competitors an advantage. There could be no misunderstanding by counsel as to whether this court regards this information as confidential because the court addressed the issue at the Case Management Conference.[1] Doc. # 36. The law regarding the interplay between proceedings before the PTAB and district courts is not yet developed. Counsel should therefore have taken care to avail themselves of procedures to avoid inadvertent disclosure of protected confidential information such as a motion to seal under 37 C.F.R. § 42.14 or a request that the protective order be modified.

The court finds that disclosing this information to the PTAB panel violated this court's Order and is conduct subject to sanction.

Defendant requested that Plaintiff be ordered to withdraw its motion before the PTAB. This court is not going to interpose itself in the proceedings of another court. In order to ameliorate the violation of the Amended Protective Order, Plaintiff is directed to join in a motion with Defendant to the PTAB, requesting that the information regarding litigation budget and revenues be sealed. That motion will be determined by the PTAB in accordance with its own rules and procedures. However, the court does not considered this requirement to be a sanction, let alone one sufficient to deter any party or others.

In determining an appropriate sanction, this court considered the injury to Defendant. This violation occurred at an unrecorded hearing. The court finds that Plaintiff's counsel's conduct in this matter was far less egregious than the conduct of counsel in *Smith & Fuller*, where the Fifth Circuit upheld an award of attorney's fees as sanctions for the breach of a protective order. And, Defendant had three attorneys on the telephonic conference with the PTAB and none of them spoke up at the time. Defendant's counsel failed to mitigate the breach of the Amended Protective Order. Therefore, Defendant's request for attorney's fees is denied.

However, actual injury to the aggrieved party, and that party's dilatory efforts to mitigate, are not the only factors to be considered. The need to promote respect for, and meticulous observance of protective orders, to deter Plaintiff from a repeat

---

1. To cut through the tendency of parties to withhold information that may lead to an early settlement, this court requires both sides to disclose their total litigation cost estimates at the Case Management Conference and requires defendants to disclose their total U.S. sales of products allegedly incorporating the patented technology, assuming that such products do infringe and that the patents are valid. Without endless discovery requests and motions practice, the court and the parties then have a rough idea of the projected costs of suit and the basis upon which potential value of the claims can be calculated. The information disclosed is sealed at the request of either party. In this matter, the parties moved that the sales figures be redacted after the Case Management Conference, and the court did so. Doc. # 36.

offense, and to deter others from similar conduct is also an important objective.

Complete good faith compliance with protective orders is essential to modern discovery practices and counsel must temper their zeal in representing their clients with their overreaching duty as officers of the court. Given the amount at issue in this case, and the importance of scrupulous adherence to protective orders in intellectual property cases to promote the exchange of confidential and proprietary technical information, the court finds that a sanction of $2,500 is the least onerous sanction that is sufficient to remind counsel of this duty, deter future violations in this suit, and serve as an adequate general deterrent for similar conduct. A lesser sanction would not be sufficient to achieve these objectives.

## IV. Conclusion

Defendant Gordon Howard Associates, Inc.'s Emergency Motion to Enforce the Protective Order and Motion for Sanctions (Doc. # 127) is DENIED IN PART as to the references to CalAmp components and indemnity provision and is GRANTED IN PART as to the litigation budget and corporate revenues. Plaintiff is ORDERED to join with Defendant in a motion to the PTAB, requesting that the information relating to litigation budget and revenues be sealed. Plaintiff is sanctioned in the amount of $2,500.00, which is payable to the Clerk of this Court, by February 6, 2015.

So **ORDERED.**