# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2020

Lyle W. Cayce
Clerk

No. 19-20206
Summary Calendar

KEVIN ANDREW POWE,

Plaintiff-Appellant

v.

REBECCA ABERETTE BOYKINS, Per Pro, Alabama Department of Human Resources,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4629

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Kevin Andrew Powe filed a *pro se* civil complaint against Rebecca Boykins, an attorney with the Alabama Department of Human Resources. Boykins moved to dismiss the complaint on several grounds, including that the district court lacked personal jurisdiction over her. At the hearing on the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to dismiss, Powe conceded that Boykins had no connection to the State of Texas.  The district court dismissed the complaint without prejudice.

We review dismissals for lack of personal jurisdiction *de novo* and the "district court's jurisdictional findings of fact . . . for clear error." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521, 529 (5th Cir. 2014). Contrary to Powe's assertion, the district court demonstrated no bias against him during the hearing.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).  Boykins had no connection to Texas to give rise to either specific or general personal jurisdiction.  *See Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539–40 (5th Cir. 2019); *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).  The district court committed no error in dismissing Powe's complaint without prejudice for lack of personal jurisdiction over Boykins.

Although Powe also contends that the order of dismissal is "void" because Boykins's out-of-state attorney filed the motion to dismiss before the district court granted the attorney's motion for leave to appear *pro hac vice*, the district court granted the *pro hac vice* motion before ruling on the motion to dismiss. Moreover, a district court "has broad discretion to control its own docket and permit the filing of pleadings." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012).

AFFIRMED.