# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60418

———————

Linda Berkley,

　　　　　　　　　　　　　　　　　*Plaintiff—Appellant*,

*versus*

City of Oxford, Mississippi; Ashley Atkinson, *City of Oxford, MS, In Her Individual and Official Capacity*; Thik and Thin Construction, L.L.C.; Lafayette County, Mississippi; Sherry Wall,

　　　　　　　　　　　　　　　　　*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:19-CV-217

———————————————————————

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

This appeal arises out of a tax sale of a certain property. Linda Berkley, a part-owner of the property, brought suit against the city and county in which the property is located, two government officials, and the purchasers of the tax liabilities. She claimed that the government defendants violated her

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60418

constitutional rights in the process of auctioning the taxes and that the tax deed issued to the purchaser ought thus be voided. The district court granted summary judgment to the defendants and sanctioned Berkley and her husband, who served as her attorney,[1] for their conduct. For the reasons that follow, we AFFIRM the grants of summary judgment and sanctions.

## I. BACKGROUND

The property in question is located at 1717 Burney Branch Drive in Oxford, Mississippi. For many years, the property belonged to Flora Porter, Berkley's mother. In December of 1999, Flora Porter passed away intestate. Her four children therefore inherited equal shares of the property. Berkley acquired, by quitclaim deeds, the interests of her two brothers but not that of her sister Sandra.

In early August 2017, Berkley received a notice that unpaid 2016 property taxes on the Burney Branch house would be subject to an auction in late August should they not be paid beforehand. Berkley claims that she had received no prior notice of the 2016 property taxes. While the City admits that it mistakenly sent its 2016 notice of taxes to "117 West Red Fern" instead of Berkley's actual address, 1117 West Red Fern, the County states that it sent the bill to the correct address. In any event, Berkley claims that she received no tax bills for 2016. She does admit that she received a tax bill for 2017 and that she did not pay that bill.

In keeping with the auction notice issued to Berkley, Lafayette County and the City of Oxford then auctioned off the property for delinquent property taxes. Thik and Thin Constructions, LLC ("Thik and Thin"), won the auction. Berkley claims that she received no notice of the result of the

_____

[1] Linda Berkley and her husband/counsel (Drayton Berkley) share a last name. For the sake of clarity: any references to "Berkley" standing alone will refer to Linda.

No. 22-60418

auction until after the City declared the redemption period expired in August of 2019, at which point it granted Thik and Thin a tax deed. The County likewise declared the period expired and granted a tax deed in September 2019, whereafter Berkley claims that she discovered the existence of the deeds on September 20, 2019. Four days later, Berkley filed suit in the Northern District of Mississippi.

Berkley's first cause of action was a 42 U.S.C. § 1983 claim alleging a lack of due process in the deprivation of her property interest. She brought this claim against Lafayette County, the City of Oxford, and two individuals – Sherry Wall and Ashley Atkinson – who were employed as clerks by the County and the City, respectively. She brought a second claim accusing Wall and Atkinson of being the final policymakers in their roles and having enacted or perpetuated policies of deficient notice to property owners with delinquent taxes. Her third cause of action was a request that the tax deed be declared void, her fourth a statement that she was entitled to compensatory damages, and her fifth (the only one against Thik and Thin directly) a second request that the court cancel the tax deeds.

After more than two years of litigation, the district court granted summary judgment to the government defendants.[2] The court found that, even in the light most favorable to the plaintiff, the record demonstrated no actionable federal claims. Having determined that summary judgment was appropriate as to the federal claims, the court declined to exercise supplemental jurisdiction over the state law claims and dismissed them without prejudice.

---

[2] That is, the City, the County, and their employees. Thik and Thin filed a motion to dismiss for failure to join an indispensable party (namely, Berkley's sister Sandra) that was granted in the same order.

No. 22-60418

The district court judge also noted that he found it "very difficult . . . to assign any motive other than bad faith to [Berkley's] actions," given her "blatantly deficient arguments regarding the key factual issue in this case, on top of her repeated discovery violations." Given this, the district court adopted a magistrate judge's report and recommendation that discovery sanctions be levied in the form of an award of attorney's fees to the government defendants as well as Thik and Thin. Berkley filed a timely notice of appeal as to the grants of summary judgment and sanctions.

## II. STANDARD OF REVIEW

"We review a grant of summary judgment de novo, viewing all the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007) (citing *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"A district court's imposition of sanctions pursuant to Rule 37(b) is reviewed for an abuse of discretion. 'The district court's underlying findings of fact are reviewed for clear error and its underlying conclusions of law reviewed de novo.'" *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (internal citation omitted) (quoting *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 578 (5th Cir. 2000)).

## III. ANALYSIS

### A. Federal Claims

Berkley's federal claims fail for lack of a valid constitutional claim. As the district court noted, there is no evidence in the record that would support an inference that the defendants acted in any way other than negligently.

4

Supreme Court precedent is clear that "the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required." *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). The district court concluded that Berkley "clearly failed to create fact issues regarding any misconduct by defendants in this case which consists of more than simple negligence." This court agrees. Berkley claims that the government officials' general awareness that failure to provide notice could harm property owners suffices to demonstrate recklessness or deliberate indifference in this case. As the district court noted, no evidence supports the leap from the former to the latter.

Berkley states that the notice given to her was constitutionally inadequate under *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983). In support of this argument, Berkley cites a Fifth Circuit case, *In re Paxton*, to show that "notice to [one joint owner of a property] simply does not satisfy the *Mennonite* requirement of notice reasonably calculated to apprise a party . . . of a proceeding which adversely affected that party's property interest." 440 F.3d 233, 236 (5th Cir. 2006) (internal quotation marks omitted). At issue in this appeal, however, is not whether notice was adequate (an issue which is open to any state court which receives this case, should Berkley file there) but whether any government official violated Berkley's constitutional rights. *See Davidson*, 474 U.S. at 347. As Berkley has made no such showing, her claims fail.

No. 22-60418

*B. Declination of Supplemental Jurisdiction*

Berkley's brief makes no challenge to the district court's decision to decline to exercise supplemental jurisdiction over her state law claims.[3] For this reason, any challenge she might have made to the district court's declination is forfeited. *See Guillot on behalf of T.A.G. v. Russell*, 59 F.4th 743, 751 (5th Cir. 2023) ("Parties forfeit contentions by inadequately briefing them on appeal."). This includes all claims against Thik and Thin Construction.

*C. Sanctions*

The magistrate judge noted serious and repeated misconduct perpetrated by both Linda and Drayton Berkley. It is worth quoting the magistrate judge's introduction to her findings at length:

> Plaintiff's conduct and that of her counsel (who is also her husband), from all appearances, has been in flagrant disregard of the truth and their discovery obligations. This conduct includes the following: provision of demonstrably false sworn interrogatory answers; numerous false answers under oath by Plaintiff at her deposition; improper refusal to answer questions at her deposition, including at the improper instruction of her counsel; failure to disclose documents and/or spoliation of same and an alarming willingness by Plaintiff and her counsel to double down on improper conduct to evade responsibility for it, such as misrepresenting legal

---

[3] Berkley does challenge the district court's determination that Sandra Porter was an indispensable party to this action. That determination, however, was only "note[d] parenthetically" by the district court as an alternative holding given the court's decision to "decline to exercise supplemental jurisdiction." Berkley makes no challenge to the district court's primary holding: that it was exercising its discretion to decline to retain the state law claims. As this court need not reach it, we make no comment regarding the indispensable party argument.

authorities to the court, the making of specious legal arguments, and the misuse of errata sheets.

Berkley also misrepresented her past litigation history in two different ways, claimed to have documents that she had previously denied having, and later claimed that she could not find those documents despite her representations that she had them "at her fingertips." In sum, there is plentiful evidence of misconduct.

In her briefing before this court, Berkley claims that the evidence requested in the deposition was irrelevant and that her errata sheets (in which she made numerous, substantive corrections to her deposition testimony and which were submitted in response to the motion for sanctions) were improperly discounted in the magistrate's recommendations. Regarding the latter, Berkley cites *Gonzalez v. Fresenius Medical Care North America* for the proposition that she was permitted to make substantive changes to her testimony using errata sheets. 689 F.3d 470 (5th Cir. 2012). What she fails to note, though, is that the *Gonzalez* court *upheld* the imposition of sanctions: "Counsel argues on appeal that Relator was entitled to submit an errata sheet and make substantive changes to her deposition . . . . We do not necessarily disagree, but the only question for our purposes is whether the district court abused its discretion . . . . We find no abuse of discretion." *Id.* at 480. More generally, the court is convinced that the information requested and not provided was, in fact, relevant to the lawsuit. Information about Berkley's past lawsuits (especially those involving emotional distress), her purchases of her brothers' interests in the property, and her records of her communications with the City and County were all squarely at issue in both proof and damages. The district court made no error in assessing sanctions.

Lastly, Berkley claims that the district court erred in its assignment of certain billing rates to the defendants' attorneys because "Fifth Circuit precedent require[es] proof of the customary billing rate to calculate a

reasonable hourly rate for fee applicants." Not so. The case cited for this proposition imposes no such requirement: instead, it notes that both regular rates and prevailing market rates may be considered and that our overarching concern is that the rates be "reasonable." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (*per curiam*); *see also McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895, (1984)) ("'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'"). Berkley has shown no abuse of discretion.

## IV. CONCLUSION

As the district court noted, "state court was, in fact, the proper forum for [Berkley] to file her claims." Her federal claims were, from the outset, weak at best. Her conduct, and that of her counsel, only weakened her suit. The district court correctly granted summary judgment and did not abuse its discretion in imposing sanctions. Therefore, we AFFIRM.